## B. H. LOWDER v. GEORGE SMITH.

(Filed 18 November, 1931.)

1. **Arbitration and Award E b—Executed agreement to arbitrate disputed boundary held to estop plaintiff from bringing proceeding under C. S., 361.**

    In a special proceeding to establish the true dividing line between adjoining lands under the provisions of C. S., 361, *et seq.,* the defendant introduced in evidence an undisputed agreement between the defendant and the plaintiff's predecessor in title, under which a surveyor established and plainly marked the line in question in the presence of the interested parties who had by the terms of the agreement obligated themselves to faithfully keep and observe it as its true location, and which was thereafter observed by the parties for several years, *Held:* the plaintiff was estopped in the pending proceeding from denying the line so established, and further, it was not error for the court to order the same surveyor and his assistants to run the line by the existing marked corners and courses they had theretofore made and established.

**2. Trial D c—In this case held: no issues of fact requiring determination of jury were raised by pleadings.**

Where in proceedings to establish the disputed boundaries between adjoining lands, C. S., 361, a binding executed agreement between the parties has been established by uncontradicted evidence, no issue of fact is raised which requires the determination of the jury, C. S., 543, 580, and there is no error in the court's holding that the completed agreement of arbitration operated as an estoppel as a matter of law.

**3. Appeal and Error J e—Only prejudicial error will entitle appellant to a new trial.**

A new trial will not be granted on appeal unless there is some prospect that the result of the trial would be different, and where the appellant's rights are not prejudiced the judgment will be affirmed.

APPEAL by plaintiff from *Stack, J.,* at February Term, 1931, of STANLY. Affirmed.

This is a petition in a special proceeding brought by plaintiff against defendant before the clerk of the Superior Court of Stanly County, N. C., C. S., 361, *et seq.,* Code of 1931 (Michie), chap. 9 "Boundaries," to establish disputed dividing lines between them. The plaintiff alleges that he owns two tracts of land, one 16 acres and being Lot 8 in the division of the Lindsay Lowder estate land, and the other 5¼ acres, also Lot 8 aforesaid, and that defendant is the owner of a certain tract of land lying on the south side of the above tracts. That there is a dispute between the plaintiff and the defendant as to the location of that line of tract No. 1 described as follows: "Thence with said line south 25 east 1140 feet to the beginning." That there is a dispute between the plaintiff and the defendant as to the location of that line of tract No. 2 described as follows: "Thence with the old south 25 east 525 feet to the beginning."

The prayer of the petitioner is "that said disputed lines may be established according to law."

The defendant in his answer denied the material allegations of the complaint, and "further says that during the life of Lindsay Lowder, the former owner of said lands, under whom the plaintiff claims, there was a disputed line between the said Lindsay Lowder and this defendant; and that on or about 19 March, 1913, the said Lindsay Lowder and this defendant entered into a written contract in regard to the settlement of said disputed line, a copy of which contract is hereto attached and marked 'Exhibit A,' and asked to be made a part of this answer. That after the signing of said contract the said Charlie Howard (Harward), surveyor, was given all the papers, deeds and plats belonging to both parties, and that he went upon the ground, and after making a thorough study of the papers of both Lindsay Lowder and this defendant, the

said Charles Howard (Harward) in accordance with the terms of said written agreement, did survey and establish said dividing line or boundary; that said line as established by the said Charlie Howard (Harward) and fixed according to the terms of said written contract as the proper boundary line between the said Lindsay Lowder and this defendant, is described as follows: 'Beginning at a stone, which stone is located by beginning at an ash, one of the old established corners in the Smith tract on the west bank of Clover Fork Creek, and runs thence S. 82¼ E. 2.95 chs.; that from said stone the dividing line runs thence S. 23 E. 38.31 chs. to the corner of the Pennington Ferry Road.' This defendant says that said line at the time was fixed· by established corners and by a marked line leading from one corner to the other; that said corners are still up and the line is still plainly and accurately marked. This defendant says that he is informed and believes that this is the line that the plaintiff claims is now in dispute between the plaintiff and the defendant. This defendant further says that he is informed and believes that the plaintiff, in the division of his father's land, recognized this line as the proper boundary line of his father's land, and that the deeds of the plaintiff and also the deed of the defendant's brother, J. Y. Lowder, who owns lot No. 9 in said division, all call for and recognize this established boundary line as the correct line between the plaintiff and the defendant.

The defendant further says that since said line was established in 1913 according to the written agreement by all the deeds and papers of the said Lindsay Lowder and this defendant, as the correct boundary line between the parties, the plaintiff and those under whom he claims, and all other interested parties have recognized said line as the correct boundary, and this defendant pleads same as an estoppel against the plaintiff to now change said line. This defendant further says that there is no need of a survey or any cost to be added in this matter between the plaintiff and the defendant, as the line fixed and established according to the terms of said agreement is a plainly marked line with the corners established, and is now recognized by Young Lowder, who also owns land adjoining said line, as the correct boundary line between this defendant and the lands formerly owned by Lindsay Lowder and now owned by the said Young Lowder and the plaintiff, B. H. Lowder. Wherefore, this defendant asks that the said action be dismissed at the cost of the plaintiff."

The agreement above referred to, in part, is as follows: "The boundary or line, in particular, over which this controversy or difference arises being the last call in the boundaries of the tract belonging to the said Lindsay Lowder and the second from the last call in the boundaries

of the tract belonging to the said Geo. F. Smith, the same being the dividing boundary or line between the lands belonging to the said Lindsay Lowder and Geo. F. Smith. Witnesseth: That, for the purpose of deciding upon a location for this particular boundary or dividing line and ending this controversy, it is mutually agreed, by and between the said Lindsay Lowder and Geo. F. Smith, that they will employ Charlie Howard (Harward) whom they believe to be a competent surveyor, to survey and establish said dividing line or boundary, from the papers, deeds and plats belonging to both parties; that they will assist said surveyor in any way they can in arriving at a correct location of said dividing line or boundary and when said dividing line or boundary is located and established by the said surveyor, *we do mutually agree to and with each other, that said dividing line or boundary as established, located and marked by said surveyor, be well and faithfully kept, observed and recognized by us as the correct location of the dividing line or boundary between the lands, as above described, belonging to the said Lindsay Lowder and Geo. F. Smith."*

The judgment of the court below, is as follows: "The above entitled case coming on to be heard and being heard at this term and after the empanelling of the jury and the reading of the pleadings, it appears to the court that in the year 1913 the ancestor of the plaintiff and the defendant entered into a written arbitration agreement that Mr. Charlie Harward, surveyor, should take the papers and plats and go upon the land and survey the line in dispute, and that he should establish and locate the true dividing line between the parties, and that they agreed in said writing to abide by his location of the line, and it further appearing to the court that the surveyor, with the chain carriers chosen by the parties, went upon the land and that both Mr. Lindsay Lowder, ancestor of the plaintiff, and the defendant were present at the survey; that marks were put up, the line chopped and that Mr. Lindsay Lowder lived for some three years thereafter and brought no suit to set aside the award of the arbitrator, and it appearing to the court further from an examination of the surveyor and the chain carriers that they can locate the line as located by the surveyor in 1913, the court is of the opinion that as a matter of law both parties are bound by the location and establishment of the line in 1913, and that as a matter of law there is nothing for the jury to pass upon—it being admitted that the agreement was executed—and it appearing from an examination of the surveyor that he established and located the line. And the court is of the opinion that the only question is where the line was located in 1913 and that that is the true dividing line between the parties, therefore, it is ordered by the court that Mr. Charlie Harward forthwith go upon

the lands again and carry with him the two chain carriers who carried the chains in 1913 when the line was located, and run the line again exactly where he ran it and located it in 1913, and that he put up at each end of the line large rocks or iron stakes, and that if any of the marks on trees still remain that he rechop them and that he report to the clerk of this court what he did, whether he relocated and established the line according to the survey in 1913, and that the clerk of this court is directed to certify his report to the register of deeds and the register of deeds of Stanly County is ordered and directed to record the same. The surveyor is further directed to stick up metal stakes along the line between the two corners. It is further ordered that the plaintiff pay the costs of this action except the costs of certifying to the register and the recording of same, which said costs shall be divided equally between the parties. The judgment heretofore rendered in this cause by the clerk of this court is in all respects confirmed."

The record discloses that Charlie Harward, the surveyor, took with him P. C. Litaker and S. H. Sibley, who were with him as chain carriers when the survey was made in 1913. The surveyor and they on 5 and 6 February, 1931, in accordance with the judgment, reported that they again ran "the identical line" they ran in 1913; began at iron stake corner, marks the same as in 1913, survey and everything done in exact compliance with judgment.

The plaintiff excepted and assigned error as to the court below's refusal to submit the issues tendered by him, and "That the court erred in signing the judgment shown in the record for that the said judgment is not based on findings of fact by the jury and for that the plaintiff objects to the finding of said facts by the court and insists upon his right of trial by a jury. The judgment which is in this record sets forth that the court instead of the jury found the facts upon which the judgment was based."

*H. C. Turner and W. L. Mann for plaintiff.*
*R. L. Smith & Sons for defendant.*

CLARKSON, J. We do not think that the exceptions and assignments of error made by plaintiff can be sustained. We do not think, from the facts appearing of record, that plaintiff was entitled to a jury trial.

Defendant contends that "In March, 1913, Charlie Harward, the arbitrator selected by Lindsay Lowder, the ancestor of the plaintiff, and by George F. Smith, together with the chain carriers, selected and paid by each, went upon the ground in the presence of the parties and took all the papers of each of the parties, and determined, surveyed and

fixed and marked plainly the dividing line in the presence of all the parties, and the same was recognized by Lindsay Lowder and the plaintiff, who claims under his father, Lindsay Lowder, and by this defendant, for 16 years." We think the record sustains defendant's contentions and the principle of estoppel applies to plaintiff. In fact, defendant could have had the petition dismissed, as there were no *lines in dispute* between the parties. The arbitration agreement between Lindsay Lowder, ancestor of plaintiff and through whom he claims, and defendant, is binding between the parties and estops the plaintiff as to all matters and acts done under this agreement. *Wright v. Fertilizer Co.,* 193 N. C., 305; *Winstead v. Farmer,* 193 N. C., 405.

C. S., 361, is as follows: "The owner of land, any of whose boundary lines are in dispute, may establish any of such lines by special proceedings in the Superior Court of the county in which the land or any part thereof is situated."

The judgment of the court below set forth the facts fully and we think on the whole record, if there was error, it was not such prejudicial or reversible error as would entitle plaintiff to a new trial. From the whole record we think plaintiff was estopped to bring this petition as under the statute it can only be brought when the *"boundary lines are in dispute."* All the evidence was to the effect that plaintiff's father and predecessor in title to the land, had a settlement of this disputed line or lines between himself and defendant. The lines as settled were recognized in the division of plaintiff's father's land among the heirs-at-law, plaintiff being one of them and in the division, Lot 8 was allotted to him. The line was not in dispute. *Wood v. Hughes,* 195 N. C., 185. This is not an action in which title is involved. It is a laudable statutory method to settle differences among neighbors concerning their boundary lines *which are in dispute.* We can find on the record no denial by plaintiff in the pleading of the agreement between plaintiff's father and predecessor in title and defendant, which defendant sets up in his answer. See C. S., 525, 543; *Simon v. Masters,* 192 N. C., 731. In the judgment of the court below is the following: "It being admitted that the agreement was executed—and it appearing from an examination of the surveyor that he established and located the line."

Plaintiff contends that in *Tucker v. Satterthwaite,* 120 N. C., at p. 122-3 (and numerous cases) it is held: "What we now say is, that section 395 of the Code (C. S., 580), is mandatory, binding equally upon the court and upon counsel; that it is the duty of the judge, either of his own motion or at the suggestion of counsel, to submit such issues as are necessary to settle the material controversies arising in the pleadings, and that in the absence of such issues, or admissions of record

equivalent thereto, sufficient to reasonably justify, directly or by clear implication, the judgment rendered therein, this Court will remand the case for a new trial."

It may be noted that the decision says "and that in the absence of such issues *or admissions of record equivalent thereto,"* etc.

"Admissions implied under the section (C. S., 543, *supra*) by failure to controvert allegations of the opposite pleading constitute evidence against the party making them in all actions and proceedings against him, wherein they may be pertinent and competent, just as are admissions and declarations of a party made adverse to his right on any occasion. Their weight depends always upon whether or not they were made with deliberation or incautiously, and they are subject to proper explanation." N. C. Code, 1931 (Michie), under C. S., 543, p. 216, and cases cited. We think there was sufficient evidence, undisputed, to sustain the judgment of the court below as to the estoppel. *Walker v. Walker, ante,* 183.

Then again, in *Booth v. Hairston,* 193 N. C., at p. 281, we find: "Our system of appeals is founded on public policy and appellate courts will not encourage litigation by granting a new trial which could not benefit the litigant and the result changed upon a new trial, and the non-granting was not prejudicial to his rights. *Bateman v. Lumber Co.,* 154 N. C., p. 253; *Rierson v. Iron Co.,* 184 N. C., p. 363; *Davis v. Storage Co.,* 186 N. C., 676. 'They will only interfere therefore, where there is a prospect of ultimate benefit.' *Cauble v. Express Co.,* 182 N. C., p. 451."

On the facts and circumstances of this case, and for the reasons given, the judgment is

Affirmed.