BEULAH HAWKINS SMITH v. RALPH FONZO DIGH and Wife, LONNIE MULL DIGH

No. 7025SC486

(Filed 18 November 1970)

**Boundaries § 8— action to establish true boundary line — plea in bar — boundary line agreement**

> A boundary line agreement executed by the plaintiff and the defendants is an effective plea in bar to the plaintiff's proceeding to establish the true boundary line between her property and the property of defendants, notwithstanding (1) the plaintiff failed to acknowledge her signature to the agreement before a notary public and (2) the plaintiff did not know where the line would be located on the ground at the time she signed the agreement.

APPEAL by plaintiff from *Martin, Harry C., Judge of Superior Court,* 1 June 1970 Session, BURKE Superior Court.

This is a special proceeding instituted by plaintiff on 1 May 1969 under G.S., Chap. 38 alleging a necessity to establish the true location of the boundary line between property of plaintiff and property of defendants.

Defendants filed answer wherein they deny there is any dispute as to the true location of the boundary line between the properties; and affirmatively plead a boundary line agreement executed by the parties as a bar to plaintiff's right to prosecute this proceeding.

The plea in bar was overrruled and denied by the Clerk of Superior Court of Burke County, and defendants appealed. The plea in bar was thereafter heard *de novo* before Judge Martin who ruled that the Clerk's order was erroneous, and adjudged that the agreement of the parties constituted an estoppel and a bar to the maintenance of this proceeding.

The plaintiff's relevant evidence before Judge Martin consisted of testimony by plaintiff. Her testimony tended to show the following: A controversy arose in June 1968, or earlier, between the parties as to the true location of the boundary line between their properties. A survey and a map were made, and on 22 June 1968 plaintiff signed an agreement on the map which read:

"North Carolina

Burke County

We, Ralph F. Digh and Mrs. Beulah Smith, do affirm that the 'agreed line' as noted on this map is in accordance with our agreement and that the property line between us shall hereafter be this 'agreed line.' I, Ralph F. Digh, will not claim any property south of this line; and, I, Mrs. Beulah Smith, will not claim any property north of this line."

This agreement was also signed by defendant Ralph F. Digh on 22 June 1968, and an acknowledgment before a notary appears on the map. However, according to Mrs. Smith's testimony, plaintiff did not sign before a notary public nor acknowledge her signature before one.

Defendants' relevant evidence before Judge Martin consisted of two exhibits: "Exhibit A" was a map recorded in Map Book 5, page 64, entitled "Agreed Line Survey between R. F. Digh and Mrs. Beulah Smith." Upon this map appeared the "agreement" signed and testified to by plaintiff. "Exhibit B" was an instrument entitled "Acknowledgment of Boundary Line Agreement." This instrument was dated 18 July 1969, and signed by both defendants; in it defendants agree to and acknowledge the boundary line as shown on the map recorded in Map Book 5, page 64.

From Judge Martin's order sustaining defendants' plea in bar and dismissing plaintiff's action, plaintiff appealed.

*Simpson & Martin, by Dan R. Simpson for plaintiff.*

*Patton, Starnes & Thompson, by Thomas M. Starnes for defendants.*

BROCK, Judge

It is noteworthy that plaintiff filed no denial to defendants' plea in bar which consisted of their affirmative allegation of an agreement as to the location of the boundary line. Also plaintiff admitted the execution of the agreement on 22 June 1968. She does not allege or testify that she was tricked or defrauded in any way; she merely testifies that she did not sign before a notary.

As between plaintiff and defendants it is immaterial whether her signature to the agreement was acknowledged before a

Smith v. Digh

notary public, or other officer. ". . . [A] deed becomes effective as a transfer of title as between the parties to it immediately upon its execution and delivery notwithstanding the lack of an acknowledgment, and binds not only the parties but also their heirs." *Ballard v. Ballard*, 230 N.C. 629, 55 S.E. 2d 316.

Plaintiff testified that at the time she signed the agreement she did not know where the line would be located on the ground. However, in the absence of some fraud, trick, or mutual mistake, plaintiff's lack of knowledge of where the line would be located on the ground does not invalidate her agreement; there is no allegation, or evidence, of fraud, trick or mutual mistake. And we note that plaintiff also testified: "They surveyed the line before the map was signed; they just put in some stakes on the ground where the line was;" and, "Before the map was signed, they did go down there and survey a line and set up some stakes and put in a concrete monument."

It seems, therefore, that plaintiff's testimony concerning no acknowledgment of her signature to the agreement before a notary public or other officer, and her testimony that at the time she signed the agreement she did not know where the line would be located on the ground, are, standing alone, irrelevant upon the plea in bar. So, the only question remaining was a question of law as to the effect of the agreement upon plaintiffs right to prosecute this action. Judge Martin ruled " . . . [A]s a matter of law, the agreement set forth and recited on the above said recorded map or plat constitutes an estoppel and is a bar to the maintenance of this proceeding by the petitioner." With this ruling we agree. *Lowder v. Smith*, 201 N.C. 642, 161 S.E. 223.

In the hearing before Judge Martin and in his order sustaining defendants' plea in bar we find no prejudicial error.

Affirmed.

Judges MORRIS and GRAHAM concur.