Pearson, C. J.
 

 For the purpose of extending the lines of the grant to John G. Blount, under which the plaintiffs claim,
 
 *265
 
 they relied on the allegation, that the line 0 S. 5, the western boundary of the two grants isssued to Joseph Hancock in 1782, was the line called for in the grant to John G-. Blount, under the description, “ Redding Blount’s line of his Hancock’s" survey.” Whether this be the line, is a question of fact, and his Honor erred, in assuming, that to be the fact, as he did, in charging, “ there being no evidence of any Hancock patents or survey, other than those represented, the line of Blount’s patent from X, must abandon the course called for, and strike the line of one of those patents.” Whether any one of the lines of those patents, was
 
 the line
 
 called for, in the patent to Blount, was a question for the jury : provided, there was any evidence to support the allegation ; it may well be doubted, whether the absence of evidence, in respect to any other Hancock patent or survey, furnishes any evidence upon the question ; if it does, it was for the jury to say, whether it is sufficient to establish the allegation, taken in connection with the fact, that it was not proven that Redding Blount ever owned the two tracts granted to Joseph Hancock, and with the further fact, that from X, where the distance gives out, the next call
 
 Worth
 
 37, East 350 poles, makes a large angle, and both the course and the distance, would carry you greatly
 
 Worth
 
 of either of the two tracts granted to Joseph Hancock, and the next call, North 50, W. 100 poles, to his corner, would carry you still further
 
 Worth
 
 of them ; and the next: then
 
 his line
 
 North 50, E. 160 poles to Gay-lord’s line, would, carry you entirely away from them, thus giving room to infer that the “Redding Blount line of his Hancock survey,” had no reference to the lines of either of those two tracts of Joseph Hancock, but referred to the line of some other tract lying to the Worth, which
 
 Joseph
 
 Hancock, or some other Hancock, had at one time surveyed and sold to Redding Blount, but, for which he never took a grant, and the jury should have been instructed, if they were not satisfied in respect to the line called for, there was nothing to control the coui’se and distance of the grant under which the plaintiff claimed.
 

 
 *266
 
 We think his Honor erred also, in the position, that a line marked in 1825, for the Joseph Hancock grants, furnished, sufficient data to show the variation of the compass in 1782. It wap not competent evidence to establish the location of the line; and, supposing that to have been the line in 1825, when the surveyor took occasion to mark it according to the compass at that time,
 
 non
 
 constat, that it corresponded witli the compass in 1782, any nearer than in 1856, the date of the last survey.
 

 As the verdict was for the plaintiff in respect to both of the alleged trespasses, an error, as to one, entitles the defendant to a
 
 venire de novo ;
 
 for which reason, we will not enter into a consideration of the points made as to the other.
 

 Per Curiam,
 

 Judgment i-eversed and a
 
 veni/re de novo.