W. R. MUSE v. A. S. CADDELL.

(Decided March 27, 1900.)

*Boundary—Admitted Corner—Conflict of Evidence as to Other Corners—Burden of Proof.*

1. Where there is a corner of plaintiff's land, known and agreed upon by both parties, but the evidence as to other corners, derived from recollection of living witnesses and statements of deceased persons, submitted to the jury, fails to establish any other corner to their satisfaction, the calls in the plaintiff's deed, commencing at the known corner, must prevail.

2. The defendant need show no title until the plaintiff's evidence has shown a *prima facie* title in him, including the location of his deed.

CIVIL ACTION for the recovery of land, tried before *Bryan, J.,* at January Term, 1900, of MOORE Superior Court. The plaintiff's deed for 100 acres of land was dated September 9, 1856, and possession under it was shown for forty years. The point in controversy was the establishment of the boundary line between him and the defendant, an adjoining owner.

The special instruction asked for by defendant and refused by his Honor is stated in the opinion.

Verdict and judgment for plaintiff. Exception and appeal by defendant.

*Messrs. Seawell & Burns,* for appellant.
No counsel *contra.*

FURCHES, J. This is an action for possession of land (ejectment) involving a question of boundary on the southwest line of plaintiff, and the northeast line of defendant.

The northwest corner of plaintiff's land is admitted to be

McIntosh's corner, which was known and agreed upon by both plaintiff and defendant; but no other corner was agreed upon by the parties, nor was there any other monument, marking either the lines or corners of plaintiff's land, called for in his deed.    There was much evidence introduced for the purpose of showing where other corners were, according to the recollection of the witnesses, and from what they had been told by persons them dead.    It was proper to receive this evidence, and to submit it to the jury with proper instructions. But unless some corner should be established by such evidence, to the satisfaction of the jury, the calls in the plaintiff's deed, commencing at the known corner, should prevail.

It is the location of plaintiff's deed that must determine the plaintiff's right to recover.    He must recover upon the strength of his own title, and not upon the weakness of defendant's title.    The defendant need not show any title until the plaintiff's evidence has shown a *prima facie* title in him. These rules are elementary principles, but they seem not to have been observed by his Honor in the trial of this case. Both plaintiff and defendant asked special instructions. Those asked by plaintiff were given, and those asked by defendant were refused.    There was error in giving some of plaintiff's prayers and in refusing to give some of defendant's.

But we will only discuss one of these exceptions.    The defendant's 10th prayer was as follows:    "That even though the jury should find from the evidence that the post-oak at 'n' on the map is a corner of the Caddell land, that is no evidence of the plaintiff's claim, as his deed does not call for Caddell's line, or a corner at that place, and the jury are instructed it is Muse's line, and not Caddell's line, that is to be located by them."    This prayer was refused and defendant excepted.    The record fails to show any charge given by

the Court except as shown by the prayers for instructions given and refused.

It seems to us that this prayer was proper, and should have been given.

Error.   New trial.