## TRAMMELL v. TRAMMELL.

1. FINDING OF FACT by Circuit Judge that lands were bought with money of estate, sustained.
2. EVIDENCE—TRANSACTIONS WITH DECEDENT.—A husband cannot testify as to transactions with his dead wife.
3. FINDING OF FACT—COTENANTS—WRIT IN PARTITION.—Calculation of Circuit Judge as to shares of cotenants, and order dividing land in accordance therewith, sustained.
4. RENTS.—COTENANT not entitled to rents, under facts in this case.
5. WRIT IN PARTITION.—Circuit Judge is not required to direct in his order for issuance of writ in partition that commissioners be instructed in the alternative.

Before GAGE, J., Greenville, September, 1899. Affirmed.

Action by J. Luther Trammell against James H. Trammell, Maggie M. Trammell, Franklin Trammell, Jesse Trammell and Arthur Trammell. Defendant, James H. Trammell, appeals.

*Mr. Julius H. Heyward,* for appellant, cites: *As to distribution of estate:* Rev. Stat. 1980; 1 McC., 456. *If trust here, it is constructive and not resulting:* 51 S. C., 38; 46 S. C., 196; 19 S. C., 126; 32 S. C., 595. *No resulting trust to respondents in the income from land, or the proceeds of their mother's industry:* 2 P. Wms., 412; 2 Atk., 75; 2 Johns. Ch., 410.

*Messrs. Shuman & Dean,* contra, cite: *This is resulting trust in favor of respondents:* 25 S. C., 309; 27 S. C., 39; Rich. Eq. Ca., 172; 6 S. C., 165. *And they can elect to take their share in land-* Rich. Eq. Ca., 172; 6 S. C., 165; 20 S. C., 412; 42 S. C., 528. *Cotenant can only be held to account for rents over and above his share:* 1 Hill Ch., 76; 14 S. C., 292; 38 S. C., 440. *And such accounting should be restricted to pendency of action:* 15 S. C., 367.

March 29, 1900. The opinion of the Court was delivered by

MR. JUSTICE POPE. This cause came on to be heard before his Honor, Judge Gage, upon the pleadings, report of the master, the testimony taken before him and the exceptions thereto. The decree of Judge Gage is so clear we reproduce the same in its entirety as follows, to wit: "This action was begun by plaintiff to charge an estate in land held by the defendants, Maggie, Franklin, Jessie and Arthur Trammell, with the payment of a debt alleged to be due him. The debt is alleged to have been incurred during the years 1893, 1894 and 1895, when plaintiff had charge of the lands of said defendants, claiming to be their trustee by virtue of an agreement with them and their step-father, the defendant, James H. Trammell. The defendants named were minors, and plaintiff claims that for three years named he paid out for them $1,390.50, and received from their rents $405.00, leaving now due to him $985.50. Certain allegations of the complaint are not now relied on. It is admitted on all hands that all the defendants are tenants in common of the land described in the complaint, and not only does plaintiff demand compensation, but partition for James H. Trammell is prayed. The cause was referred to the master, and his report with the testimony is in. He found against plaintiffs' claims, but found the defendant, James Henry Trammell, was entitled to partition. I concur with the master in disallowing the claim of the plaintiff. The parcel of land contains only about 200 acres; plaintiff had charge of the land

only three years, and during that time he was seven months incarcerated in prison, his wards all working and were self-supporting in great measure; the itemized bill of charges filed with the complaint are not sustained by the testimony, and some of them are unreasonable on their face. The plaintiff admits he received $405 rents for the three years; the testimony does not show he is entitled to have more. The legal title to the lands in question was never in Jessie B. Trammell, but in his widow, Francis E. It is manifest, however, that the purchase price was paid after Jessie B.'s death with money which belonged to his estate, and the paper title was made to his widow. The testimony shows the purchase price to have been $2,550. It was paid as follows, to wit: Cash from Goodwin note, $1,440; cash sale of personalty, $450; rebate on price one year's rental, $300; mule, $125; total, $2,315. The witness, Powell, testifies the balance was borrowed by him and Frances on their own note, and was paid from the crops of the place. The witness, James Henry Trammell, testifies he paid as much as $130; but if true, that testimony is incompetent. The parties, defendants, own the land as tenants in common, and their interests are as follows, to wit: James H. Trammell, an undivided 14-90; Maggie M., 19-90; Franklin, 19-90; Jessie, 19-90; Arthur, 19-90. There is no testimony to show if partition in kind is impracticable. It is, therefore, ordered, that a writ in partition, in the usual form, be issued by the clerk, directed to commissioners, to go upon the premises and make a partition thereof in the proportions herein indicated. The master did not report the shares of each cotenant; if I have made a mistake therein, any party may apply at the foot hereof for a correction in that regard. In all other respects the report of the master is confirmed."

To this decree the defendant, James H. Trammell, alone excepted, and his exceptions are as follows: "1. That his Honor, the Circuit Judge, erred in holding that 'it is manifest that the purchase price was paid after James B. Trammell's death with money which belonged to his estate,' when

he should have held that but $1,800 was derived from said estate." We cannot sustain this exception, in the face of the clear testimony of the witness, Stephen Powell. He was called upon by his widowed sister, Mrs. Jessie Trammell, and managed all the business connected with the purchase of the land and the payment therefor. By this testimony, $1,440 was obtained by Mrs. Jessie Trammell on the Goodwin note; $300 was allowed as a credit on the purchase price of the land arising from the fact that Tinsley sold the land in *February*, 1881, but wishing to retain possession for that year, allowed the rental ($300) for that year to be applied to a partial payment of the purchase money of the land; $125, the price of the mule bought by Stephen Powell; and $458.40 from the sale bill—making a total in cash and the same as cash, $2,323.40, and this applied to the amount agreed to be paid for the land, $2,550, leaves the balance due $226.50, which last sum this witness testified he and his sister, Mrs. Jessie Trammell, borrowed from Simon Turner and paid the same to Tinsley; and that subsequently this $226.50, so borrowed, was paid from the rents of the land. The records of the probate court sustain in the greater part the testimony of this witness. We overrule this exception.

The next exception is in this language: "2. That his Honor erred in holding that the testimony of James Henry Trammell was incompetent." We do not think his Honor was in error in so ruling, for the witness was endeavoring, by his own testimony in regard to a transaction with his dead wife while she was living, to establish that he, the witness, had paid $130 of the purchase price of this land, not to Tinsley, the grantee, but to some other parties, who had a lien for a year or two on some part of the lands. Such testimony would violate section 400 of the Code. Other grounds might call for its being disregarded.

The next question is raised by the third exception, which alleges error in the Circuit decree, wherein James H. Trammell is allowed fourteen-nineties, and each of the

other defendants nineteen-nineties of this tract of land. We have made the calculation, and the Circuit Judge is correct. We might say that the Circuit Judge being correct in this matter of calculation, in ascertaining the share of each defendant in the land, he was not in error, as suggested by the fourth ground of appeal, in ordering a writ in partition to be issued to carry into execution the rights of the parties defendant according to such estimate of the share of each one in the tract of land. We overrule, therefore, the third and fourth grounds of appeal.

"V. That his Honor erred in not holding that the estate of Jessie B. Trammell, consisting of but $1,800, the widow was entitled to at least $600 thereof; that at the death of the widow, the land over and above the $1,200 which belonged to the children of Jessie B. Trammell, became divisible among her heirs—one-third to James H. Trammell, her surviving husband, the two-thirds thereof to her five surviving children, share and share alike; that James H. Trammell is entitled to one-fifth of two-thirds as the heir of his deceased child, is further entitled to rents and profits on his said interest in the land from the year 1892 (when he left the place) to date, and is still further entitled to receive before any division the sum of $130 advanced by him, with interest thereon from date of payment." In our consideration of the first exception, we have shown that the estate of Jessie Trammell contributed in the purchase of the land in question $1,440, derived from the Goodwin note; $125, the purchase of the mule by Stephen Powell, and also $458.40, derived from the sale bill, aggregating $2,023.40. So we cannot agree with appellant that Jessie Trammell's estate only consisted of $1,800. We do agree with him, however, that Mrs. Trammell, as the widow of Jesse Trammell, was entitled to one-third of her deceased husband's estate, and that Mrs. Trammell at her death left this one-third interest to be divided between her five children, who should together receive two-thirds of such one-third, and James H. Trammell, as her surviving husband, should receive one-third of

his wife's one-third interest in this land; and also that James
H. Trammell was entitled to receive one-fifth of the two-
thirds of one-third, as the sole heir at law of the infant child
born to him by Mrs. Trammell, which died one
month and eleven days after its mother. But we do
not agree that he is entitled to receive any rents and
profits, for he left the lands of his own accord, and in 1893
tried to have J. Luther Trammell receive the rents and
profits from the land while these, his codefendants, were
minors, unable to protect themselves. James H. Trammell
is responsible for this intermeddling of J. Luther Trammell,
and any hopes resulting to the children of Jessie Trammell
died. Besides, James H. Trammell received all the rents
and profits of this land from 1888 till 1892, and he has never
paid a dollar to these, his codefendants; and as to $130
alleged to have been advanced by him, James H. Trammell,
to his wife's debts, it is only sustained by his own testimony,
and we have already held that his testimony is incompetent.
This exception is overruled.

"VI. That his Honor erred in not directing that if the
land cannot be partitioned in kind without injury to the
rights of the parties in interest, it shall be sold, and the pro-
ceeds divided among the parties according to their
respective rights." When under a decree therefor
the writ in partition is sued out, by its terms, under
the statute providing therefor, if the commissioners there-
under cannot partition in kind as primarily commanded,
then it is their duty to assess the value and make their
recommendation to the Court in relation thereto. The Cir-
cuit Judge ordered the usual writ in partition to issue. It
was not error for him to lay down alone the primary duty of
the commissioners under the writ itself. This exception is
overruled.

It is the judgment of this Court, that the judgment of
the Circuit Court be affirmed, and the action remanded to
that Court to enforce the decree appealed from.