GEORGE C. WOOD v. H. N. HUGHES, H. C. PRIVOTT, AND MAJOR & LOOMIS COMPANY, INC.

(Filed 22 February, 1928.)

**Action—Ground and Condition Precedent—"Real Controversy."**

> To sustain an action to establish the true dividing line between adjoining owners of land, a dispute as to the location of the line must be shown or the case on appeal will be dismissed in the Supreme Court.

APPEAL by defendant, Major & Loomis Company, Inc., from *Midyette, J.,* at December Term, 1927, of CHOWAN.

Special proceeding to establish the dividing line between the lands of plaintiff and H. N. Hughes, adjoining landowners.

From a verdict and judgment in accordance with plaintiff's contention, the defendant, Major & Loomis Company, appeals, assigning errors.

*Ehringhaus & Hall and W. D. Pruden for plaintiff.*
*Whedbee & Whedbee for defendant, Major & Loomis Co.*

STACY, C. J. Plaintiff brings this special proceeding, under chapter 9 of the Consolidated Statutes, to establish the dividing line between his

land and an adjoining tract of land owned by H. N. Hughes. He alleges that the boundary line between the two tracts is in dispute; that the defendant, Hughes, has mortgaged his land to H. C. Privott; and that he has sold the timber thereon to Major & Loomis Company, both defendants herein.

The defendant, H. N. Hughes, filed answer; denied the existence of any controversy as to the boundary line; and alleged that whatever dispute may have existed was amicably adjusted by agreement between the parties on 6 August, 1925. The defendant, Major & Loomis Company, answered by saying that it had no knowledge or information as to the matters alleged in the petition; pleaded the settlement between plaintiff and Hughes as a bar to the present proceeding; and set forth that no controversy exists between it and the petitioner, save perhaps a question of trespass.

On the hearing it appeared that after the institution of the present proceeding, and before trial, H. C. Wood, had bought from H. N. Hughes his land; that he had paid off the mortgage held by H. C. Privott; and that a voluntary nonsuit as to both Hughes and Prevott had been taken before the clerk. Whereupon, the defendant, Major & Loomis Company, moved to dismiss the proceeding, first, because no question of boundary between it and the petitioner is raised by the pleadings, and, second, because the proceeding is not an appropriate one for trying the title to timber trees.

Without deciding whether the lines of a boundary of timber may be determined in a proceeding like the present, suffice it to say that no question of boundary as between the plaintiff and Major & Loomis Company seems to be raised by the pleadings. True, it is alleged and admitted that Major & Loomis Company is the owner of certain timber on the Hughes tract of land, but it is not alleged that the establishment of the line between the lands formerly owned by these adjacent landowners would settle any dispute between the petitioner and the appealing defendant. So far as now appears, the question seems to be academic. For this reason, we think the defendant's motion to dismiss the proceeding should have been allowed.

The discussion in *Lumber Co. v. Comrs.,* 173 N. C., 117, 91 S. E., 714, 845, might not prove uninteresting, if we were called upon to decide the appropriateness of the proceeding to try the title to timber trees. See, also, *Austin v. Brown,* 191 N. C., 624, 132 S. E., 661.

Reversed.