MRS. MAMIE V. GREER v. S. W. HAYES AND WIFE, LEILA B. HAYES.

(Filed 1 November, 1939.)

**1. Boundaries § 1—**

It is the province of the court to instruct the jury what the true dividing line between the lands of the parties is, and the province of the jury to locate the line in accordance with the instructions of the court.

**2. Same—**

When there is only one established corner, the courses and distances described in plaintiff's deed control, commencing at the established corner as located by the jury.

**3. Same—**

Nothing else appearing, the calls in a deed must be followed as of the date thereof, and it is only when it appears on the face of the deed or from other evidence that such calls and distances relate to a former survey made with reference to the magnetic rather than the true meridian, that variations in the magnetic pole will be computed as of the date of the former survey.

**4. Boundaries § 11—Instruction held for error in failing to charge jury under what circumstances plaintiff would be entitled to have variations in magnetic pole computed as of date of former deed.**

Plaintiff contended that the boundary between the lands of the parties should be run according to the courses and distances as described in her deed, with allowance for variations in the magnetic pole as from the date of former deeds, plaintiff claiming that the calls and distances as described in her deed were substantially the same as the combined descriptions in two former deeds. There was no evidence warranting the inference that the calls and distances in plaintiff's deed were copied from or had reference to the former deeds. *Held:* An instruction that when a boundary is sought to be established according to the calls and distances as described in former deeds, allowance should be made for variations in the magnetic pole as of the date of the former deeds, without instructions upon the evidence as to when plaintiff could claim under the courses and distances as contained in the former deeds and when variations in the magnetic pole could be computed as of the date of the former deeds, is reversible error.

**5. Boundaries § 10—Instruction that burden was on defendants to establish line as contended for by them held error.**

In a processioning proceeding to establish the true dividing line between the lands of the parties, it is error for the court to instruct the jury that the burden is on defendants to establish the line as claimed by them, since the burden of proof never shifts to defendants. The submission of a single issue as to the location of the true dividing line, rather than the submission of separate issues as to the location of the dividing line as contended by the respective parties, approved.

APPEAL by defendant from *Ervin, Special Judge,* at February Term, 1939, of CALDWELL. New trial.

This is a processioning proceeding instituted before the clerk under C. S., 361 *et seq.,* to fix and determine the true boundary line between the lands of the plaintiff and the lands of the defendants.

It is alleged and admitted that the plaintiff and defendants own contiguous tracts of land adjacent to and on the west side of Lenoir in Caldwell County. The location of the true boundary line is in dispute and this action was instituted to have the same fixed and determined.

The plaintiff alleges that the true line begins at a large oak on the bank of Lower Creek and runs north 17 degrees west 22 poles to a stake in Kent's line; thence north 3¾ degrees west 109 poles and 17 links to a stake, R. J. Ervin's corner. The defendants do not deny the calls and distances in the line alleged by the plaintiff but do assert that the begin-

ning point, as alleged by the plaintiff, is 35 feet north 48 east of the correct beginning point.

The plaintiff offered in evidence a deed dated 6 March, 1901, from E. F. Shell, S. M. Clarke, *et al.*, to W. L. Greer, and traced her title by *mesne* conveyances to this deed. In the Shell deed and in the deed to the plaintiff the line is set out as alleged by plaintiff, and in the deed to the plaintiff there is added to the description the following: "being the first tract described in the deed from S. M. Clarke *et al.* to W. L. Greer by deed dated March 6, 1901, and recorded, etc."

On the question of the location of the true boundary line the court submitted two issues as follows:

"1. Is the dividing line between the lands for which the plaintiff, Mrs. Mamie V. Greer, holds title of record and the lands for which the defendants, S. W. Hayes and Mrs. Leila B. Hayes, hold title of record, located as the red line marked on the map as A. B. and C., as alleged by the plaintiff?

"3. Is the dividing line between the lands for which the plaintiff, Mrs. Mamie V. Greer, holds title of record, and the lands for which the defendants, F. W. Hayes and Mrs. Leila B. Hayes, hold title of record, located as the white line marked on the map as 1, 2 and 3, as alleged by the defendants?"

The jury answered the first issue "Yes" and the second issue "No." The other issues related to the claim of ownership by adverse possession and were answered adversely to the defendants.

There was judgment on the verdict and the defendants excepted and appealed.

*Pritchett, Strickland & Farthing for plaintiff, appellee.*
*Hal B. Adams for defendants, appellants.*

BARNHILL, J. Title of the parties to the respective tracts claimed was admitted. The beginning point of the disputed line as called for in the plaintiff's deed is, "a large oak on Lower Creek." The beginning point as called for in the defendants' deed is "a point in the center of the Lower Creek opposite a Spanish oak, Greer's corner." At the conclusion of the evidence it was admitted that the "large oak" and the "Spanish oak, Greer's corner," are calls for the identical natural object, the controversy in respect thereto being as to the correct location on the ground of such natural object or beginning point. Thus, the controversy on the trial narrowed itself, principally, to a contest over the location of the beginning point.

The beginning point having been fixed by the jury, what the dividing line is, is a question of law; where the line is, is a question of fact.

*Geddie v. Williams,* 189 N. C., 333, and cases there cited; *Lee v. Barefoot,* 196 N. C., 107, 144 S. E., 547. It was the duty of the court to tell the jury what constituted the true boundary line starting from the beginning point, as it might be located by the jury, and it was the duty of the jury to find and locate it. It is the province of the court to declare the first and that of the jury to ascertain the second. *Von Herff v. Richardson,* 192 N. C., 595, 35 S. E., 533.

On this aspect of the controversy the court instructed the jury as follows: "The court further instructs you that unless other calls are controlling that calls for course and distance must be strictly complied with and that when one undertakes to locate the boundaries of a line by course and distance called for in a deed of former date that one in running such line should follow the magnetic courses called for, making necessary allowances for the variations which accrued between the time of the execution of the deed or the time of the establishing of the course and distance in the deed and the time of the running of the lines."

While the terminus of the second call in the disputed line is to R. J. Ervin's corner, apparently there was no effort to locate this "natural monument" as an aid in determining the location of the true boundary line. As the only other natural object established or attempted to be established was the beginning point, resort must be had to the courses and distances called for in the plaintiff's deed, commencing at the established corner, as found by the jury, and they must prevail. *Muse v. Caddell,* 126 N. C., 265. Nothing else appearing, the calls in the deed must be followed as of the date thereof. Where it clearly appears upon the face of the deed, or where the evidence shows, that a line as established on a prior date was adopted and was copied in the deed according to the courses and distances thereof, it is necessary to take into consideration the variations of the magnetic needle in locating the same. *McCourry v. McCourry,* 180 N. C., 508, 105 S. E., 166. Likewise, whenever it can be proved that there was a line actually run by a surveyor, was marked and a corner made, the party claiming under the patent or deed shall hold accordingly. *Bowen v. Lumber Co.,* 153 N. C., 366, 69 S. E., 258. If it appears that the original line of survey was run on the ground according to the magnetic meridian and not according to the true meridian and it appears that the call of the deed relates to the line as it existed on the date the line was originally established or surveyed, the inquiry is as to the true location of the line as it was on that date. *Geddie v. Williams, supra,* and cases there cited; 4 R. C. L., 112; *Rodman v. Gaylord,* 52 N. C., 262.

Plaintiff offered in evidence a deed from S. P. Dula to Azor Shell, dated 30 August, 1862, containing in the description the following courses: "to the mouth of Tanyard Branch, Hayes' corner; thence north

17 degrees west with Harper's line 22 poles to a stake in the bend of said branch, said Harper's corner; thence north 3¾ degrees west with said Harper's line 8 poles to a stake." She also offered in evidence deed from S. P. Dula to Azor Shell, dated 30 August, 1862, in which the calls in part are as follows: "Beginning on a persimmon corner, the northeast corner of said Shell's tract in Harper's line; thence north 3¾ degrees west with said line 101 poles and 17 links to a stake in said line or rock." The plaintiff contends that the recited calls in these two deeds, when fitted together, constitute the same calls and approximately the same distance as the courses and distances of the disputed line and that the disputed line should be fixed and established by the calls of those deeds making allowance for variation of the magnetic needle since 1862.

The surveyor testified that in running the line he allowed "the proper variations according to the Dula Deeds." He further testified "the only way I used the Dula deed was to determine the age. When I ran by her deed I came 50 feet below where she contends. I did not make any investigation as to where R. J. Ervin's corner was. In surveying I left out one call of the deed. If I had run that call it would have taken me about 200 feet away from the creek. I did not run the lines of the Dula deed. This little dotted line beginning at the letter A (the corner as contended by plaintiff) represents a fence and a ditch on one side of it. It has been cultivated up to here."

Thus, it appears that the vice in the charge as given lies in the fact that while it makes reference to the location of a boundary by the courses and distances called for in a former deed, the court did not explain to the jury when and under what conditions this could be done. Nor did it explain to the jury the rights of the plaintiff in that respect on the evidence in this case. Likewise, it makes reference to the allowance of proper variations of the magnetic needle. When and under what conditions the variations are to be allowed is not explained. The jury was permitted to determine, without any guide, to what former deed reference should be had in determining the true boundary line.

On this record that the charge was given without the further explanations was harmful to the defendants is apparent. There is nothing to warrant an inference that the calls of the line were copied from or had reference to the Dula deed, or to justify the conclusion that the line is to be ascertained by such calls as of the date of that deed. And yet the jury fixed the line of the Dula deed run by the surveyor, by making the proper allowances for the variations of the magnetic needle since the date thereof, as the line in controversy, so that the line as established runs north 13 degrees 30 minutes west 22 poles; thence north no degrees 15 minutes west 109 poles and 17 links, rather than north 17 degrees west 22 poles; thence north 3¾ degrees west 109 poles and 17 links as called

for in plaintiff's deed—a variation of 3½ degrees. The line as thus established deprives the defendants of their street frontage and gives to the plaintiff lands defendants had heretofore cultivated, the yards to the houses they had built on the land and a part of one of the houses. Whereas, if the line is surveyed from the beginning corner contended for by the plaintiff according to the calls of her deed as established in the Shell-Clarke deed of 1901, it will extend, approximately at least, along the fence and ditch up to which the defendants have heretofore cultivated.

On the third issue the court instructed the jury that the burden of proof was on the defendants. In this there was error. In this type of case the burden never shifts to the defendant. If the plaintiff is unable to show by the greater weight of the evidence the location of the true dividing line at a point more favorable to her than the line as contended for by the defendants, the jury, as a matter of law, should answer the issue as to the true dividing line in accord with the contentions of the defendants. *Boone v. Collins*, 202 N. C., 12, 161 S. E., 543, and cases there cited.

The better practice is to submit one issue, in substance as follows: What is the true dividing line between the lands of the plaintiff and the lands of the defendants? This will simplify the inquiry and the charge as to the law thereon and facilitate the determination of the controversy.

For the reasons stated there must be a

New trial.