H. D. McCANLESS ET AL. v. W. F. BALLARD ET AL.

(Filed 17 March, 1943.)

**1. Boundaries § 1—**

What constitutes the boundary line between plaintiffs and defendants is a matter of law for the court; the location of the line is a matter of fact peculiarly for the jury.

**2. Boundaries § 6—**

Processioning is appropriate only in case of a disputed boundary between adjoining landowners, and if the lands of the parties do not join the whole case comes to naught.

**3. Boundaries § 10—**

In a processioning proceeding, under C. S., 361-364, to establish a boundary line between adjoining landowners, applicable only to disputes as to its true location, the plaintiff is the actor and has the burden of establishing the true location of the dividing line.

**4. Same—**

In an action between adjoining owners over their boundary line, where two issues on the line's location were submitted to the jury, the first as to plaintiffs' contention and the second based on defendants' contention, in the absence of an agreement that one or the other is the true line, a negative answer to the first issue does not perforce result in an affirmative answer to the second issue.

**5. Same—**

Where disputes arise over boundary lines confusion might be avoided and simplicity might be served by a single issue for the jury, substantially as follows: Where is the true location of the dividing line between the lands of the plaintiffs and those of the defendants?

Appeal by plaintiffs from *Clement, J.,* at August Term, 1942, of Yancey.

Special proceeding to establish dividing line between adjoining land-owners.

It is the contention of the plaintiffs that the true dividing line between plaintiffs' and defendants' lands is the "Red Line, 1, 2, 3 and 4," shown on the map made by the court surveyor, while the defendants contend that it is the "Blue Line, A, B, C and D," as shown on the map. There is no concession, however, that either the one or the other is the true dividing line between the lands of the plaintiffs and those of the defendants.

The following issues were submitted to the jury:

"1. Is the red line, 1, 2, 3, and 4, the boundary line of the lands of the plaintiffs?

"2. Is the blue line, A, B, C, and D, the boundary line of the lands of the defendants?"

The court concluded its charge with the following instructions:

"If the plaintiffs have failed to satisfy you by the greater weight of the evidence that that is the true dividing line, then you would come to the second issue, and it would be your duty to answer the second issue. Exception 9. In other words, the burden is on the plaintiffs to satisfy you, by the greater weight of the evidence, of their contentions. Exception 10. . . . The defendants contend that when you weigh and consider all of the evidence, if you should be satisfied by the greater weight of the evidence if that is the true dividing line and that you should answer that issue No. If you find it not the true dividing line, then you would answer the second issue, which reads as follows: 'Is the blue line, A, B, C, D, the true boundary line of the defendants?' Exception 11."

The first issue was answered "No" and the second issue "Yes." From judgment thereon, the plaintiffs appeal, assigning errors.

*Charles Hutchins for plaintiffs, appellants.*
*Watson & Fouts for defendants, appellees.*

Stacy, C. J. In a processioning proceeding under C. S., 361-364, to establish the boundary line between adjoining landowners, which is applicable only in case of a dispute as to its true location, *Wood v. Hughes,* 195 N. C., 185, 141 S. E., 569, the plaintiff is the actor and has the burden of establishing the true location of the dividing line. *Garris v. Harrington,* 167 N. C., 86, 83 S. E., 253; *Hill v. Dalton,* 140 N. C., 9, 52 S. E., 425; *Woody v. Fountain,* 143 N. C., 66, 55 S. E., 425.

Here the court properly instructed the jury that the plaintiffs had the laboring oar in establishing the true dividing line, but in the absence

of an agreement that the line was at either the one or the other of the two locations, *i.e.*, the "Red Line" or the "Blue Line," as was the case in *Boone v. Collins,* 202 N. C., 12, 161 S. E., 543, a negative answer to the first issue would not perforce result in an affirmative answer to the second issue, as the court apparently assumed in its charge to the jury. *Marsh v. Richardson,* 106 N. C., 539, 11 S. E., 522. The location of the line was peculiarly for the jury. *Mann v. Archbell,* 186 N. C., 72, 118 S. E., 911; *Rhodes v. Ange,* 173 N. C., 25, 91 S. E., 356.

Some confusion may have arisen from the fact that two issues were submitted instead of one. In *Greer v. Hayes,* 216 N. C., 396, 5 S. E. (2d), 169, it was suggested that simplicity might be served if a single issue were submitted substantially as follows: Where is the true location of the dividing line between the lands of the plaintiffs and those of the defendants? See, also, *Huffman v. Pearson, ante,* 193. What constitutes the line, is a matter of law; where it is, is a matter of fact. *Geddie v. Williams,* 189 N. C., 333, 127 S. E., 423. It is the province of the court to declare the one; that of the jury to ascertain the other. *Tatem v. Paine,* 11 N. C., 64; *Miller v. Johnston,* 173 N. C., 62, 91 S. E., 593; *Von Herff v. Richardson,* 192 N. C., 595, 135 S. E., 533.

There is also a contention on the part of the defendants that the plaintiffs' land as described in the deed under which they claim falls short by 13 poles of reaching the land of the defendants which necessarily defeats the proceeding, as processioning is appropriate only in case of a disputed boundary between adjoining landowners. The jury was instructed that if the land described in the deed under which the plaintiffs claim, "does not join the land of the defendants, but lies away from it, then the plaintiffs would not be entitled to recover." Thus, it will be seen, if this were the basis of the jury's answer to the first issue, the whole case must go out as the plaintiffs and defendants under such finding would not be adjoining landowners, and the answer to the second issue would likewise go for naught. The record fails to disclose upon what theory the jury returned its verdict.

A new trial appears necessary. It is so ordered.

New trial.