ANNANIAS CORNELISON AND HIS WIFE, LILLIE CORNELISON, v. MADISON HAMMOND AND HIS WIFE, TURA HAMMOND.

(Filed 31 October, 1945.)

**1. Boundaries § 7—**

In a processioning proceeding under G. S., 38-1, *et seq.*, when it is made to appear that there is a *bona fide* dispute between landowners as to the true location of the boundary line between adjoining tracts of land, the cause may not be dismissed as in case of nonsuit.

**2. Boundaries § 10—**

When a cause to determine the true boundary line between adjoining landowners is heard on appeal from the clerk, unless the pleadings are complicated by other allegations, there is only one issue—where is the true location of the dividing line between the lands of plaintiff and defendant?

**3. Boundaries § 7—**

The statute, G. S., 38-1, *et seq.*, is expressly designed to provide a means of settlement by an orderly proceeding in court and plaintiff, as a matter of right, is entitled to have the issue answered by a jury so that the controversy may be brought to an end by judicial decree.

**4. Same—**

The cause may be dismissed when it is made to appear that (1) there are fatal irregularities or defects on the face of the record, or (2) no *bona fide* dispute exists, or (3) plaintiff and defendant are not the owners of adjoining tracts.

APPEAL by plaintiffs from *Phillips, J.,* at July Term, 1945, of RANDOLPH. Reversed.

Processioning proceeding under G. S., ch. 38, to locate a disputed boundary line between adjoining property owners, here on former appeal. *Cornelison v. Hammond,* 224 N. C., 757.

After the pleadings were read the court, on motion of defendants, required plaintiffs to elect which line as shown on the map they contend is the true dividing line. Plaintiffs, in response thereto, announced that they contend the line from Black A to Black B is the true line. At the conclusion of the evidence for the plaintiffs, defendants moved for judgment of nonsuit. The court "being of the opinion that there was not sufficient evidence to be submitted to the jury as to the location of the

line from Black A to Black B on the map, as claimed by plaintiffs," allowed the motion and entered judgment dismissing the action at the cost of plaintiffs. Plaintiffs excepted and appealed.

*J. G. Prevette for plaintiffs, appellants.*
*J. A. Spence for defendants, appellees.*

BARNHILL, J. When, in a processioning proceeding under G. S., ch. 38, it is made to appear that there is a *bona fide* dispute between the owners as to the true location of the boundary line between adjoining tracts of land, may the cause be dismissed as in case of nonsuit? The answer is no.

The proceeding authorized by G. S., ch. 38, is an *in rem* proceeding. The petitioner is required to make the adjoining landowner party defendant and to allege only "facts sufficient to constitute the location" of the disputed line as claimed by him. If the respondent fails to answer, "judgment shall be given establishing the line according to petition." If answer denies the location as alleged, a surveyor is appointed. He makes report to the clerk who then hears the cause and locates the line. From his order either party may appeal. G. S., 38-3.

Its purpose is to judicially determine the location of a disputed boundary line between adjoining tracts of land and the gravamen of the cause of action is the existence of a controversy between plaintiffs and defendants as to the true location of the line dividing the lands owned by plaintiffs and those owned by defendants.

When it is made to appear that such controversy exists, plaintiffs have a legal right to have the line ascertained and fixed by judicial decree even though, finally, it may be located as contended by defendants.

When the cause is heard on appeal, unless the pleadings are complicated by other allegations, only one issue arises—where is the true location of the dividing line between the lands of the plaintiffs and those of the defendants? *Greer v. Hayes,* 216 N. C., 396, 5 S. E. (2d), 169; *Huffman v. Pearson,* 222 N. C., 193, 22 S. E. (2d), 440; *McCanless v. Ballard,* 222 N. C., 701, 24 S. E. (2d), 525.

It is the province of the jury to locate the line. It is for them to say, on the conflicting testimony and under the instructions of the court, where the line is. *Greer v. Hayes, supra; Clegg v. Canady,* 217 N. C., 433, 8 S. E. (2d), 246; *Huffman v. Pearson, supra; McCanless v. Ballard, supra.*

If the plaintiffs are unable to show by the greater weight of evidence the location of the true dividing line at a point more favorable to them than the line as contended by the defendants, the jury should answer the

issue in accord, with the contentions of the defendants. *Greer v. Hayes, supra; Boone v. Collins,* 202 N. C., 12, 161 S. E., 543. But, in the absence of an agreement, this does not imply that the jury must answer the issue either as contended by plaintiffs or as contended by defendants. *McCanless v. Ballard, supra.* They, by their answer to the issue, may fix the location wherever the evidence, in their opinion, justifies.

It is admitted that plaintiffs and defendants own adjoining tracts of land. That a dispute exists as to the true location of the boundary line between these tracts is quite evident. The one issue—where is the true boundary line—is unanswered. The dispute with all its precarious potentialities still is undetermined. The statute is expressly designed to provide a means of settlement by an orderly proceeding in court and the plaintiffs, as a matter of right, are entitled to have the issue answered by a jury so that the controversy may be brought to an end by judicial decree. Hence the cause should not be dismissed as in case of nonsuit. *Jackson v. Williams,* 152 N. C., 203, 67 S. E., 755; *Geddie v. Williams,* 189 N. C., 333, 127 S. E., 423.

We do not mean to imply that the cause may not be dismissed when it is made to appear that (1) there are fatal irregularities or defects on the face of the record, *Jackson v. Williams, supra,* or (2) no *bona fide* dispute exists, *Lowder v. Smith,* 201 N. C., 642, 161 S. E., 223; *Wood v. Hughes,* 195 N. C., 185, 141 S. E., 569, or (3) plaintiffs and defendants are not the owners of adjoining tracts. *Clegg v. Canady, supra; McCanless v. Ballard, supra.*

The judgment below is

Reversed.