C. R. LANCE AND W. N. LANCE v. C. M. COGDILL, TRADING AS COGDILL LIMESTONE COMPANY, GEORGE G. WESTFELDT, THOMAS D. WESTFELDT, AND MRS. LOUISE W. McILHENNY.

(Filed 22 August, 1952.)

**1. Boundaries § 6—**

The fact that the clerk in a processioning proceeding erroneously concludes that the answers converted the proceeding into an action to try title to realty, and thereupon transfers the cause to the civil issue docket for trial, does not deprive the Superior Court of jurisdiction to determine the processioning proceeding.

**2. Same—**

What is the true dividing line between two contiguous tracts of land is a question of law for the court; where such line is actually located on the premises is an issue of fact for the jury.

**3. Boundaries § 3b—**

A call in a deed for a natural boundary, such as the meandering of a particular creek, controls a call for course and distance "with the meanderings of said creek," and when the verdict of the jury, interpreted in the light of the evidence and the charge, constitutes a finding in effect that the meanderings of the creek was the true dividing line, it supports judgment in conformity therewith.

**4. Deeds § 8**

The public record of a registered and probated deed raises a rebuttable presumption that the original was duly executed and delivered, but the charge of the court in this case that the record constituted *prima facie* evidence that the deeds were actually executed and delivered but that the burden rests upon those claiming thereunder to prove that the originals were actually executed and delivered, even though the record was unassailed by the adverse party, *is held* not prejudicial in view of the theory of trial, the verdict and judgment.

APPEAL by plaintiffs from *Bobbitt, J.,* and a jury, November Term, 1951, HENDERSON. No error.

On 12 October, 1951, B. B. Bible, as court surveyor, filed a map showing the respective lines claimed by both plaintiffs and defendants.

It is the contention of plaintiffs that the true dividing line between the lands of plaintiffs and the lands of defendants is a straight line beginning at point "B" as shown on the court map and running South 45 degrees 39 minutes West to a point where said line crosses Kimsey Creek.

The defendants contend that the true dividing line follows the run or meanders of Kimsey Creek from point "B" on said court map to a point where Kimsey Creek intersects the line claimed by plaintiffs near point "2."

Both plaintiffs and defendants offered documentary and oral evidence in support of their respective contentions. The following issue was sub-

mitted to the jury: Are the plaintiffs (the petitioners) the owners and entitled to the possession of all or any part of the land lying within the disputed area, that is, the area as shown on the court map beginning at B and extending along the line 1 to 2 to point where said line crosses Kimsey Creek, and thence with Kimsey Creek back to the beginning at B?

This issue was answered "No," and judgment was rendered accordingly, from which plaintiffs appealed, assigning errors.

*J. W. Haynes and Monroe M. Redden for plaintiffs, appellants.*

*J. E. Shipman and R. L. Whitmire for C. M. Cogdill, defendant, appellee.*

*Geo. H. Wright, John F. Shuford, and Bernard & Parker for George G. Westfeldt, Thomas D. Westfeldt, and Mrs. Louise W. McIlhenny, defendants, appellees.*

VALENTINE, J.  This action was instituted before the clerk as a processioning proceeding under G.S. Chapter 38 to fix and determine the true boundary line between the lands of plaintiffs and the lands of defendants. Upon the filing of answers by defendants the clerk, acting upon the assumption that the answers converted the proceeding into an action to try title to real property, transferred the cause to the civil issue docket for trial of the issues raised.  But the premature transfer did not deprive the Superior Court of jurisdiction to try the cause at term before a jury. *Woody v. Barnett,* 235 N.C. 73.

When the answers filed by the defendants are correctly analyzed, it becomes apparent they do not change the essential nature of the proceeding.  The action is now, as in the beginning, a processioning proceeding.

The defendants admit that the plaintiffs are the owners of the land described in the pleading lying on the northwest side of Kimsey Creek and assert that the true boundary line, under the record title of the parties, is the run or meanders of said creek.  They further assert that if this is not true, then the run of said creek has become the true line by operation of law by virtue of the fact they have been in the open, notorious and adverse possession of all of the adjoining lands lying on the southeast side of the creek up to the run thereof for the statutory periods necessary to vest them with title and fix the run of the creek as the present boundary line.  Appreciation of this fact materially simplifies the questions raised for decision on this appeal.

What is the true dividing line between two contiguous tracts of land is a question of law for the court.  Where that line, as determined by the court, is actually located on the premises in controversy is an issue of fact for the jury.  It is the province of the court to declare the first and that of the jury to ascertain the second.  *Greer v. Hayes,* 216 N.C. 396, 5 S.E.

2d 169; *Huffman v. Pearson*, 222 N.C. 193, 22 S.E. 2d 440; *McCanless v. Ballard*, 222 N.C. 701, 24 S.E. 2d 525; *Cornelison v. Hammond*, 225 N.C. 535, 35 S.E. 2d 633.

So, then, what is the true dividing line between the two contiguous tracts of land owned by plaintiffs and defendants? The deeds in the chain of title relied on by plaintiffs contain the call, "Beginning in the meanders of Kimsey Creek in line of M. J. Lance and corners with Westfeldt and runs South 45 degrees West with the meanders of said creek 125 poles to the Westfeldt line." While the exact wording of the call may vary in the several deeds, the call is the same, "South 45 degrees West with the meanders of said creek 125 poles." This is the line at issue. Its termini are admitted. If the line is run according to the call and distance, it embraces within the deeds of plaintiffs lands lying on the southeast of the creek claimed by defendants. If the meanders of the creek are followed from one terminus to the other, the creek is, of course, the true dividing line. The real controversy is as to which call is controlling.

Whenever natural objects, such as rivers, creeks, rocks and the like, are distinctly called for and satisfactorily proved, they become landmarks, to which preference must be given because the certainty which they afford excludes the possibility of mistake. It follows that in case of a conflict, a call for courses and distances must always yield to one for a natural object. The course and distance controls only in the event the natural object cannot be located. *Cherry v. Slade*, 7 N.C. 82; *Brown v. Hodges*, 233 N.C. 617, 65 S.E. 2d 144, and cases cited.

There is abundant evidence in the record that Kimsey Creek has not altered its course; that the channel thereof is now the same as it has been for the past 50 or 60 years. While the issue in respect thereto submitted to the jury is not in the form best adapted to a processioning proceeding (*Greer v. Hayes, supra; McCanless v. Ballard, supra*), the answer thereto, when interpreted in the light of the evidence and the charge of the court, constitutes a finding in effect that the "meanders" of the creek between the two admitted corners has not changed and is the true boundary line between the lands of the plaintiffs and the lands of the defendants. We, therefore, deem the verdict sufficient to support the judgment.

In this connection we note that the plaintiffs or their predecessors in title in prior actions alleged that said stream was and is the true dividing line. Whether the judgments entered in those actions are *res judicata* as contended by defendants we need not now decide, for in any event the judgment in this action puts an end to the controversy.

When a deed is duly probated and recorded as required by law, the public record thereof is admissible in evidence and raises a rebuttable presumption that the original was duly executed and delivered. *Land Bank v. Griffin*, 207 N.C. 265, 176 S.E. 555; *Cannon v. Blair*, 229 N.C.

606, 50 S.E. 2d 732; Stansbury, Evidence, 229. Ordinarily, in actions involving title to real property the instrument as recorded in the public registry, unless assailed by the party against whom it is offered, is accepted as due proof of its genuineness. Even so, here the court in respect to the several deeds offered in evidence by plaintiffs charged the jury that while the record of a deed constitutes *prima facie* evidence that the original deed was actually executed and delivered in words and figures as the record of such deed tends to show, the burden rested on plaintiffs to prove that the several original deeds constituting plaintiffs' alleged chain of title were actually executed and delivered.

It may well be, as contended by plaintiffs, that the repetitious statement of this principle left the jury under the impression that the records alone were not sufficient, but that plaintiffs were required to go forward and offer additional evidence of the execution and delivery of the originals. Even so, we do not perceive that this constitutes any substantial error. Plaintiffs' title was admitted. The charge of the court in respect to the stream as the line was clear and to the point. The jury in a trial free of substantial error on the determinative question has resolved the conflicting evidence in favor of the defendants. Its verdict is fully sustained by the record. Therefore, the judgment entered must be affirmed.

No error.