ROY JENKINS AND WIFE, MARTHA L. JENKINS, AND C. M. SALES v. TOM O. TRANTHAM AND WIFE, ZELDA TRANTHAM, ROSCOE HARWOOD AND WIFE, CORA HARWOOD.

(Filed 19 September, 1956.)

**1. Boundaries § 9—**

In a proceeding to establish a disputed boundary under G.S. Chapter 38, the burden is upon petitioners to show the true location of their boundary lines.

**2. Boundaries § 6—**

What constitutes the boundary lines is a matter of law for the court; where those lines are actually located on the premises is an issue of fact for the jury.

**3. Trial § 37—**

Issues of fact to be submitted to the jury must arise upon the pleadings. G.S. 1-196, G.S. 1-198.

**4. Boundaries § 11: Election of Remedies § 1—**

In a proceeding to establish a disputed boundary, petitioners may assert the true boundary as pointed out in their petition and at the same time assert by amendment another line marked by a fence, and claim title to the land on one side of the fence by adverse possession, leaving it to the court

and jury to say upon the issues arising on the pleadings, which line, if either, they have carried the burden of establishing, the remedies not being inconsistent or repugnant to each other, and the principle of election does not apply.

**5. Appeal and Error § 3—**

An appeal will not lie from an interlocutory order unless such order affects some substantial right and the ruling will work injury to appellant if not corrected before an appeal from final judgment.

**6. Same—**

An order requiring petitioners in a proceeding to establish a disputed boundary to elect between the boundary described in their petition and their claim of title to another line by adverse possession under their amendment to their petition, affects a substantial right and is appealable. G.S. 1-277.

JOHNSON, J., not sitting.

APPEAL by petitioners from *Froneberger, J.,* June Civil Term 1956 of BUNCOMBE.

Special proceeding instituted before the Clerk of the Superior Court by virtue of Ch. 38 G.S. to establish the boundary lines, which lines are in dispute, between the adjacent lands of the petitioners and the respondents.

The petitioners filed a joint petition in which they allege these facts: Roy Jenkins and wife, Martha, are the owners and in possession of a tract of land in Buncombe County, which is described by metes and bounds, that a dispute has arisen between them and the respondents Tom O. Trantham and wife, who are adjacent landowners, as to the boundary line between their lands, and the true boundary line is alleged with particularity. The petitioner C. M. Sales is the owner and in possession of a tract of land in Buncombe County, which is described by metes and bounds, that a dispute has arisen between him and all the respondents, who own two adjoining tracts of land, as to the boundary lines between their lands, and the true boundary lines are explicitly alleged.

Trantham and wife and Harwood and wife filed separate answers in which they deny the location of the boundary lines as alleged in the petition, and allege with particularity the true boundary lines as contended by them.

Whereupon, pursuant to G.S. 38-3, the Clerk issued an order to J. R. Reagan, a competent surveyor of Buncombe County, to survey said lines according to the contentions of all the parties, and make a report of the same with a map within 30 days from the date of the order.

The surveyor made a report with a map stating that the lines as contended for by the petitioners were shown on the map by the line marked

A, H and B, and the lines as contended for by the respondents were shown on the map by the line marked D, E, F and G. The surveyor's report contains this statement: "In making this survey I also located and show the same on the map by a broken line with the word 'fence' appearing thereon at intervals, a wire fence beginning at the Black Oak at the letter D and extending southward by a Sassafras Tree and Gum Tree and White Oak to a point on the North side of the Old Fort Road. A wire fence also extends from the stone at the letter G northward and on the West side of the boundary line as contended by the respondents for some distance, and then crossing the boundary line and extending some distance on the East side, all of which is shown by a broken line marked 'fence' on said plat."

After the filing of the report petitioners made a motion to file an amendment to their complaint which the Clerk allowed. This amendment alleges the following facts: That more than 20 years before the institution of this proceeding Sales and his predecessors in title and the other petitioners' predecessors in title and the respondents' predecessors in title erected a fence upon the lands in dispute, said fence running in a North and South direction from the Northern boundary lines of said lands to the Southern boundary lines of said lands, which fence is shown upon the map filed by Reagan. That for more than 20 years prior to the commencement of this action petitioners, and their predecessors in title, have been in the actual, continuous, open and notorious possession of that part of the lands in dispute lying West of said fence, and that such possession has been and is under known and visible lines and boundaries adverse to respondents and all other persons, that at one time petitioners leased this land to the respondents Trantham, and petitioners plead the 20-year statute of limitations and adverse possession as a bar to any claims of title of the respondents in reference to this land held adversely by petitioners and their predecessors in title, and petitioners allege that such adverse possession for 20 years gives them title to that part of the land in dispute lying West of the fence by virtue of G.S. 1-40.

The respondents Trantham answered the amended petition denying its allegations, and asserting that there is not, and never has been, a fence between their lands and the Jenkins land, that the fence South of the Jenkins property was erected at random, part of which is West of the boundary lines as contended for by these respondents, and part East of their boundary lines, and that these respondents for more than 20 years have been in adverse possession of the land located East of the boundary line as contended for by them, and they plead the 20-year statute of limitations and adverse possession as a bar to any claim of petitioners.

The respondents Harwood answered the amended petition denying its allegations, with the exception of such permissive use to which petitioners may have put any part of their lands from time to time during the last 20 years.

Upon the filing of the amended pleadings the Clerk entered an order transferring the proceeding to the Superior Court at term on the ground that issues of title had been raised by the amended pleadings.

The proceeding came on for trial before a judge and jury. After the reading of the complaint and the amendment thereto and the answers, the respondents made a motion that the petitioners be required to elect as to whether they contended their true boundary lines were located by the line shown on Reagan's map marked by the letters A, H and B, as alleged in their petition, or whether they contended their true boundary lines were located at the fence shown on Reagan's map, as alleged in the amendment to their petition. The judge allowed the motion, and entered an order requiring the petitioners to make such an election before the introduction of evidence.

From the order entered petitioners appealed.

*W. M. Styles and Oscar Stanton for Petitioners, Appellants.*

*Don C. Young for Respondents Tom O. Trantham and wife, Zelda Trantham, Appellees.*

*No Counsel for Roscoe Harwood and wife, Cora Harwood, Respondents.*

PARKER, J.   A study of the petition and the amendment thereto shows plainly the legal effect of petitioners' pleadings. In their petition they allege with particularity what are the true boundary lines between their lands and the lands of the respondents, and contend that the location of these true boundary lines is shown by the line marked A, H and B on Reagan's map. In the amendment to their petition they assert in effect that, if this is not true, then the fence shown on Reagan's map has become the true line by operation of law by virtue of their 20 years adverse possession under G.S. 1-40 of that part of the lands in dispute lying West of the fence, which adverse possession has vested them with title and fixed the fence as the present true boundary line. *Lance v. Cogdill,* 236 N.C. 134, 71 S.E. 2d 918.

The fence shown on Reagan's map is West of the boundary lines as contended for by petitioners, and part of it is on the East side of the boundary lines and part of it on the West side of the boundary lines as contended by respondents.

The petitioners have the burden of proof of showing the true location of their boundary lines. *McCanless v. Ballard,* 222 N.C. 701, 24 S.E. 2d 525.

What constitutes the lines is a matter of law for the court: where those lines are actually located on the premises in controversy is an issue of fact peculiarly for the jury. *McCanless v. Ballard, supra; Geddie v. Williams,* 189 N.C. 333, 127 S.E. 423; *Tatem v. Paine,* 11 N.C. 64.

Issues of fact to be submitted to the jury must arise upon the pleadings. G.S. 1-196; G.S. 1-198; *McCullen v. Durham,* 229 N.C. 418, 426, 50 S.E. 2d 511.

By permission of the Clerk petitioners filed an amendment to their petition setting up title to that part of the lands in dispute lying West of the fence, as shown on Reagan's map, by reason of 20 years adverse possession under G.S. 1-40. The respondents deny the allegations of the amendment to the petition. Thus an issue of fact arises on the pleadings, and petitioners can use adverse possession to prove title to that part of the lands in dispute lying West of the fence. *Geddie v. Williams, supra,* pp. 338 and 339 in our Reports, and p. 425 in S.E. Reports.

It may be that petitioners cannot sustain the burden of proof of establishing their boundary lines as alleged in their petition, but that they may successfully show title in them to that part of the lands in dispute lying West of the fence by adverse possession for 20 years under G.S. 1-40, and thus fix their boundary lines at the fence. When all the evidence has been introduced at the trial, the court can submit to the jury the appropriate issues arising upon the pleadings and the evidence. *Greer v. Hayes,* 221 N.C. 141, 19 S.E. 2d 232.

Petitioners are not seeking two remedies which are inconsistent or repugnant to each other. *Irvin v. Harris,* 182 N.C. 647, 109 S.E. 867. Petitioners are seeking co-existing and consistent remedies, and the principle of election does not apply. *Machine Co. v. Owings,* 140 N.C. 503, 53 S.E. 345.

"The plaintiff can unite two causes of action relating to the same transaction and have alternative relief." *Herring v. Lumber Co.,* 159 N.C. 382, 74 S.E. 1011.

The law in this jurisdiction will not compel petitioners to elect at their peril as to whether they contend their true boundary lines are shown by the line on Reagan's map marked by the letters A, H and B, as alleged in their petition, or whether they contend their true boundary lines are shown by the fence on Reagan's map by reason of title having vested in them to the land in dispute up to the fence by virtue of 20 years adverse possession under G.S. 1-40. They may assert both contentions leaving it to the court and jury to say which line, if either, they have carried the burden of establishing. *Jenkins v. Duckworth & Shelton, Inc.,* 242 N.C. 758, 89 S.E. 2d 471. The court committed

prejudicial error in compelling petitioners to make an election as to which line they contended was the true boundary line.

Is the appeal fragmentary and premature, and should it be dismissed, as contended by respondents? An appeal may be taken to this Court "from every judicial order or determination of a judge of a superior court . . . which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial." G.S. 1-277. Except where the statute otherwise expressly provides, as a general rule an appeal to the Supreme Court only lies from a final judgment of the Superior Court. *Veazey v. Durham*, 231 N.C. 354, 57 S.E. 2d 375; *Privette v. Privette*, 230 N.C. 52, 51 S.E. 2d 925. An appeal does not lie to the Supreme Court from an interlocutory order of the Superior Court unless such order affects some substantial right claimed in the action by the appellant and will work an injury to him if not corrected before an appeal from the final judgment. *Veazey v. Durham, supra; Privette v. Privette, supra; Parrish v. R. R.*, 221 N.C. 292, 20 S.E. 2d 299; *Cole v. Trust Co.*, 221 N.C. 249, 20 S.E. 2d 54. The order requiring the petitioners to make an election affects substantial rights claimed by them, and will work injury to them in presenting their case to the jury if not corrected before an appeal from the final judgment.

The order below is

Reversed.

JOHNSON, J., not sitting.