MRS. B. J. SWINSON v. CUTTER REALTY COMPANY.

(Filed 27 January, 1931.)

1. **Actions B d—Action to recover damage caused by permanent obstruction to sidewalk is for nuisance and not for negligence.**

Where an action for damages is founded upon the erection of defendant's building over his property line upon the sidewalk of a city street rendering the use of the sidewalk dangerous to pedestrians taken in connection with a projecting water pipe partly over the sidewalk, the gravamen of the action is to recover damages arising from a nuisance created by the defendant and not exclusively involving the negligence of the defendant.

2. **Nuisance A a—Nuisance is primarily condition and not an act, and may involve elements of negligence.**

A nuisance may or may not involve elements of negligence and may exist not only by reason of a positive act, but by negligent failure to perform a positive duty, and primarily a nuisance is a condition and not an act, and a thing or act which may be lawful may be a nuisance because of its negligent use or operation.

3. **Municipal Corporations E c—City building inspector has not authority to permit individual to obstruct sidewalk with permanent projection.**

A municipal corporation holds its streets for the safe use of the public, and its building inspector may not permit an owner of property thereon to so erect a building on his own lands as to be a menace of injury to pedestrians or others, and by permission to the owner permit him to escape from the damages caused to a user of the street.

4. **Nuisance A b—Question of whether projection of building over sidewalk is nuisance is ordinarily for jury.**

Where the owner has erected a building having a water hydrant projecting from the wall above a sidewalk, the question as to whether this constitutes an actual nuisance as being a menace to pedestrians using the sidewalk is dependent upon surroundings or conditions under which it is maintained or whether against the public rights or general welfare, and is ordinarily a question for the determination of the jury in an action for damages for an injury caused thereby.

5. **Same—Testimony of whether place where projection extended over sidewalk was sufficiently lighted held competent.**

In an action to recover damages against the owner of a building having a hydrant projecting above the sidewalk nine inches, causing injury to a pedestrian at night, testimony as to whether the place was sufficiently lighted by the city is competent although the city is not a party to the action.

APPEAL by defendant from *Harwood, Special Judge,* at September Special Term, 1930, of MECKLENBURG. New trial.

The plaintiff is a resident of Mecklenburg County; the defendant is a corporation and the owner of a building on the southeast corner of

North Tryon and East Fifth streets in the city of Charlotte. In constructing the building on its lot the defendant located one of the walls on the line dividing the lot from the street. About fifty feet from the corner of North Tryon Street a hydrant projects from this wall on East Fifth Street a distance of nine inches. It has two openings available in case of fire to throw water by an engine to an inside sprinkler system, and is about forty-one inches above the surface of the sidewalk. The sidewalk at this place is five and one-half feet in width.

The plaintiff testified that at 8:30 p.m. on 19 December, 1929, she, Clara Wentz, and Evelyn Wentz were walking on East Fifth Street in front of the defendant's building; that the night was cold and dark; that cars were parked along the street and there was no light; that she came in contact with the projecting hydrant which, she said, "hit me just above the waist line on the right side." She said she was thereby seriously injured, and contended that for the injury and consequent loss she was entitled to damages. The defendant offered no evidence.

The jury returned the following verdict:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, by her own negligence, contribute to her injury, as alleged in the answer? Answer: No.

3. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: $1,250.

Judgment was rendered for the plaintiff and the defendant appealed upon reserved exceptions.

*Stancill & Davis* for plaintiff.
*John M. Robinson and Hunter M. Jones* for defendant.

Adams, J. The issues and the charge of the court show that the case was tried upon the theory of negligence. In our opinion this exclusive view of the evidence does not satisfactorily present the merits of the controversy. The question of the defendant's liability grows out of a situation alleged to import menace and substantial injury to pedestrians on the sidewalk by their coming in contact with the hydrant projecting from a wall of the defendant's building. This projecting pipe, it is said, is an obstruction in the street.

McQuillin observes that an illegal obstruction which interferes with the free use of a street as such is within the legal notion of a nuisance, but to constitute a nuisance there must be such an annoyance to the public as to render the use of the street hazardous or to prevent its free and unobstructed use as a public thoroughfare. 3 Municipal Corporations (2 ed.), sec. 982. A nuisance may or may not involve elements of

negligence; it may exist, not only by reason of a positive act, but by the negligent failure to perform a duty. *White v. New Bern,* 146 N. C., 447; *Alexander v. Statesville,* 165 N. C., 527. Primarily a nuisance is a condition, not an act, although a thing or an act which is lawful may be a nuisance by reason of its negligent use or operation.

Projecting the hydrant from the wall of the building over a part of the sidewalk created a permanent condition. This condition and not the negligent operation of the hydrant is the basis of the asserted liability, and on this point the crucial and decisive question is whether it is such annoyance to the public as to make the use of the sidewalk at that place hazardous or to prevent its free and unobstructed use. In *Godfrey v. Power Co.,* 190 N. C., 24, it is said: "The foundation of legal liability for the creation or maintenance of a nuisance is ordinarily not so much the degree of care that is used as the degree of danger that exists even with the best of care, while the ground of civil liability for negligence is injury to person or property when such injury is not the result of premeditation and formed intention."

It is alleged in the complaint that the defendant constructed the building and put the hydrant in the wall. This, we understand, is not denied; but on the cross-examination of the building inspector, who was a witness for the plaintiff, the defendant elicited evidence that it was the inspector's duty to pass upon the construction of the building and that he did so and approved the entire structure. It is thence argued that the city approved the construction of the building and that no liability attaches to the defendant by reason of the hydrant.

Municipal corporations hold their streets in trust for the public, and as a rule the right of the public to use the streets in a proper way is absolute and paramount. 4 McQuillin, *supra,* sec. 1437. "The law is well settled that the title either of the fee in the soil or an easement is vested in the municipality in trust for the use of the people as and for a public highway, and that it cannot without legislative authority, divert them from this use." *Elizabeth City v. Banks,* 150 N. C., 407. This accords with the general rule that in the absence of legislative authority a municipal corporation has no power to authorize a private individual to make a permanent use of any portion of a street for any private purpose that will interfere with the legitimate use of the street for travel, although some space is left for the public passage. 19 R. C. L., 782, sec. 87. The record does not disclose any legislative enactment authorizing the alleged obstruction, and without such authority the consent of the city, if established, would be no defense. 4 McQuillin, *supra,* sec. 1437, p. 107; *S. v. R. R.,* 141 N. C., 736; *White v. New Bern, supra;* 25 L. R. A. (N. S.), 405; Annotation; *New York v. Rice,* 28 L. R. A. (N. S.), 375.

Again, it is said by McQuillin that an unauthorized permanent obstruction of a street is necessarily a public nuisance, while a temporary encroachment may or may not be. Sec. 982, p. 206. A nuisance may be both public and private. *McManus v. R. R.*, 150 N. C., 655. An act or thing may be a nuisance *per se;* or in its nature it may not be a nuisance, but may become so by reason of its locality and surroundings. The projection of the hydrant from the walls of the defendant's building a distance of nine inches over the sidewalk is not necessarily a nuisance. Whether it is a nuisance is dependent upon the surroundings and conditions under which it is maintained; and the determination of this question is a matter for the jury under appropriate instructions as to the law. *S. v. Malpass,* 189 N. C., 349; *Brooks v. Mills Co.,* 182 N. C., 719; *Guano Co. v. Lumber Co.,* 168 N. C., 337; *S. v. Edens,* 85 N. C., 522, 527; *Graves v. Shattuck,* 69 A. D., 536. McQuillin says the final question is whether an obstruction or encroachment upon the street is unreasonable and against public rights and the general welfare. Sec. 1438. It is proper to consider as relevant to the question evidence tending to show the width of the sidewalk, the place of the hydrant with respect to its height from the surface, its length, whether it was reasonably observable, and whether under the circumstances it was hazardous to the public. In the absence of statutory requirement a city is under no obligation to light its streets, and when the streets are otherwise reasonably safe neither the absence of lights nor the existence of defective lights is in itself negligence. *White v. New Bern, supra.* Here the city is not a defendant, but the condition of the lights at the time and place of the plaintiff's injury may be considered as evidence on the question whether the defendant created hazardous conditions by encroaching upon the sidewalk and failing to give sufficient warning of the danger. See *Ruocco v. United Advertising Corporation,* 119 At., 48. On the other hand there is evidence that the hydrant was constructed in a way that was usual and customary in Charlotte and other cities. There are circumstances in which neither custom nor necessity will justify the creation of a nuisance; but when a plaintiff shows that the act upon which negligence is predicated was performed in the customary way, the absence of negligence may frequently be inferred. The principle is thus stated in *Weireter v. R. R.,* 178 N. W., 887: "It is true that proving that something was done in the customary way does not necessarily prove that it was not done negligently. The usual way may be a negligent way. But, when the plaintiff shows that the act upon which negligence is predicated was performed in the customary way, the inference nearest at hand is that no negligence has been proven, and the action must fall unless he adduces some evidence by way of experts or otherwise that will justify the jury in concluding that,

even though the act was done according to the usual custom, it was nevertheless negligently done, or unless it may be said that the common experience of the ordinary juror makes him competent to determine, without aid of evidence, whether or not the act was negligently performed."

The evidence in this case involves elements of nuisance and negligence and in the instructions excepted to the merits of the whole controversy are not sufficiently determined by the charge or the verdict.

New trial.