T. B. KING v. G. W. WARD, Trading as PITT GIN COMPANY, et al.

(Filed 27 February, 1935.)

**Nuisance A b—Judgment for plaintiff in this action for private nuisance in operation of cotton gin is upheld.**

Plaintiff brought suit alleging defendant maintained a private nuisance in the operation by defendant of a cotton gin on property near plaintiff's dwelling. The trial court charged the jury, upon competent evidence, in effect that the ordinary, careful, and reasonable operation of a business which is not in itself a nuisance creates no liability to adjacent property owners, but that liability would attach only upon its negligent and unreasonable operation and maintenance: *Held*, the judgment upon the jury's verdict in plaintiff's favor must be affirmed on appeal.

CIVIL ACTION, before *Daniels, J.*, at February Term, 1934, of PITT.

The plaintiff lives in the town of Farmville, at the corner of Horne Avenue and Moore's Lane. Across the street, about 50 feet from plaintiff's residence, the defendant constructed a cotton gin. The plaintiff offered evidence tending to show that during the ginning season crowds of customers of the gin began to gather in and about the premises and upon the street; that teams stood in the street from about three o'clock in the morning until as late as one o'clock at night, and that the droppings from these teams created noisome odors, and that the teams were fed in the street, and as a result hay and fodder were continually blown across his premises. There was further evidence to the effect that the defendant at the time complained of had no toilets upon the premises, and that his customers used plaintiff's "back yard and woodpile to dump their refuse." Flies accumulated and the constant flow of lint and dust from the cotton gin covered plaintiff's house and furniture and furnishings. There was further evidence that the gin caused a vibration which affected plaintiff's house. There was other evidence of annoyance and inconvenience.

The following issues were submitted to the jury:

1. "Did the manner in which the defendant's gin was operated, its location, and environment constitute a nuisance, as alleged in the complaint?"

2. "If so, has the plaintiff been damaged by reason of said nuisance, as alleged in the complaint?"

3. "What damages, if any, is the plaintiff entitled to recover of the defendant?"

4. "Has the defendant continued to operate said cotton gin in such a manner as to constitute a nuisance from the date alleged up to the present time, as alleged in the complaint?"

From judgment upon the verdict the defendant appealed.

*Harding & Lee and John Hill Paylor for plaintiff.*
*R. T. Martin and J. B. James for defendant.*

BROGDEN, J. What liability does the law impose upon the owner and operator of a private business with respect to the rights of others in the vicinity, and affected by such operation?

The trial judge instructed the jury in part as follows:

"A private nuisance is an act done unaccompanied by an act of trespass, which causes a substantial prejudice to the hereditaments, corporeal or incorporeal, of another; that is, to its proper rights and to its enjoyment. The term nuisance, in law, means annoyance, anything that works hardship, inconvenience, or damage, or which essentially interferes with the enjoyment of life or property. . . . It was the duty of defendant in putting up a gin there to put up a gin that would not be likely in its operations to injure his neighbors or to constitute a nuisance, and he testifies that that is what he did, and he and his witnesses testify that it has not constituted a nuisance. . . . So, then, you have a clear-cut idea here as to whether or not the operation of the gin as constructed by the defendant has constituted a nuisance of which the plaintiff may especially complain. . . . If the evidence satisfies you by its greater weight that during the ginning season the defendant encouraged and permitted persons bringing cotton to be ginned at his gin to park their wagons, carts, and teams in the street in front of plaintiff's home, for the defendant's convenience in operating his gin, and to remain in said street long hours, day and night, during said ginning season, for said purposes, littering the street with droppings from the team and drivers, permitted by the defendant to remain an unreasonable time in the street, emitting odors which impaired the comfortable occupancy of the plaintiff's home, then that would constitute a nuisance. . . . The location and the building of the gin on a lot opposite the plaintiff's lot cannot be considered by you as constituting a nuisance. It is a usual and necessary establishment and one quite necessary in a cotton country like ours, for the purpose of ginning one of the principal crops of this country, and the mere fact that the defendant built his gin across the street only 50 feet from the plaintiff's home cannot of itself constitute a nuisance, because it was a legitimate thing for the defendant to do. . . . The law does not recognize every business or use of property as a nuisance that imparts a degree of impurity to the air, for if such were the case towns could not be built or life in compact communities tolerated, and even the ordinary uses of property would certainly be interfered with, for in proportion to the sparseness or compactness of a population the air is pure or impure. One cannot reasonably occupy a dwelling-house or place of business and use any kind

of fuel therein without imparting more or less of impurity to the atmosphere, and in proportion as these are aggregated in one locality are these impurities increased, but as these are among the common necessities of life, and absolutely indispensable to its reasonable enjoyment, the law does not recognize them as being actionable interference with the rights of others, unless exercised in an unreasonable manner, so as to inflict injury on another unnecessarily. . . . I charge you, gentlemen, that even if the building of the gin in that locality diminished the value of the plaintiff's . . . property, you could not consider that, because the defendant had a right to build it there, and if . . . the erection of any business building affected the property, residential property, near that; that, even if that were so, you could not consider that as an element of damage, that is the damage a man has to take who owns a residence, and as the gin was a business house next to him, that is a risk he takes in living in town. . . . The damages . . . that plaintiff is entitled to recover . . . must be damages which come directly and immediately from the nuisance caused by the defendant, and from nothing else. Any dust that came from the street, any dust that came from the coal yard, any lint cotton that came from the cotton platform, must be eliminated. No damage can be charged against the defendant on account of any of these matters. . . . You must be very careful to eliminate these, and you must be very careful to eliminate from any damage that you may give to the plaintiff any depreciation in the value of its property, brought about by the building of this gin on the street opposite him, because he had a right to build it there."

The foregoing instructions of the trial judge state substantially the applicable rules of law as heretofore established by the decisions of this Court. *Duffy v. Meadows,* 131 N. C., 31, 42 S. E., 460; *Lawrence v. Nissen,* 173 N. C., 359, 91 S. E., 1036; *Cook v. Mebane,* 191 N. C., 1, 131 S. E., 407; *Holton v. Oil Co.,* 201 N. C., 744. The prevailing idea in these cases, and others of like import in other jurisdictions, is that a legitimate and proper business enterprise located in a town, which enterprise is not in itself a nuisance, is subject to no liability to adjacent property owners, or others in the vicinity, for the ordinary, careful, and reasonable operation of the business. It is the negligent and unreasonable operation and maintenance that produces the nuisance, and the nuisance thus created imposes liability.

The jury, upon competent evidence and correct instructions of law, found the nuisance and awarded compensation. Hence, the judgment upon the verdict is approved.

Affirmed.