ARTHUR M. JENKINS AND CHARLES J. HENDERSON v. DUCKWORTH
& SHELTON, INC.

(Filed 19 October, 1955.)

1. **Quasi-Contracts § 1—**

There can be no implied contract where there is an enforceable express contract between the parties as to the same subject matter.

2. **Pleadings § 2—**

Plaintiffs may state a cause of action in two different ways, leaving it to the court or jury to say to which relief they are entitled.

3. **Contracts § 21—Plaintiffs may state cause of action on express contract in two different ways in complaint.**

Plaintiffs alleged their employment by defendant to represent them in a legal matter, the successful performance of the employment, the rendition of an account for services in a certain amount, and prayed recovery for such amount, less credits for payments made on account. By amendment, plaintiffs alleged the same employment in the same legal matter, the successful performance of the employment, and sought to recover the reasonable worth of their services in the same amount stated in the first cause of action, less the same credits for payment. *Held:* Both causes of action are based upon express contract, and defendant's motion that plaintiffs be compelled to elect between the two causes of action was properly refused.

WINBORNE, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Pless, J.,* August Conflict Civil Term 1955 of MECKLENBURG.

Motion to compel the plaintiffs to elect between the first and second cause of action declared on in their complaint, as amended.

The complaint alleged defendant's employment of plaintiffs, lawyers, to represent it in connection with a jeopardy assessment levied on its property by the United States, the successful performance of the employment, the rendition of an account for services in the amount of $11,000.00, less $2,650.00 already paid on the services, $600.00 paid on the account rendered, and refusal to pay the remainder of the account rendered.

The defendant answered admitting the employment of plaintiffs, the successful performance of the employment, the payment to plaintiffs of $3,250.00, but averred no payment was made on the account rendered, and plaintiffs' services were not worth $11,000.00.

Then the plaintiffs, by leave of court, filed an amendment to their complaint setting forth as a second cause of action their same employment by defendant to represent it in the same matter declared on in their first cause of action, the successful outcome of their representation, and the reasonable worth of their services to be $11,000.00, upon which $3,250.00 had been paid.

Defendant's answer to the second cause of action makes substantially the same admissions as its answer to the complaint did, but alleges there was no agreement as to the amount of the fee, though it expected to pay a reasonable fee, that $11,000.00 is not a reasonable fee, and that plaintiffs be compelled to elect between their two causes of action.

The motion was denied, and the defendant appealed, assigning error.

*Covington & Lobdell for Plaintiffs, Appellees.*
*David H. Armstrong and J. F. Flowers for Defendant, Appellant.*

PARKER, J.   Both causes of action in the complaint are based upon the same express contract of employment.  The answer admits an express contract of employment, the successful performance of the employment, and the expectation of paying a reasonable fee, the amount of which had not been agreed upon.

There is no question of an implied contract.  There can be no implied contract where there is an enforceable express contract between the parties as to the same subject matter.  *McLean v. Keith,* 236 N.C. 59, 72 S.E. 2d 44; *Lawrence v. Hester,* 93 N.C. 79; 17 C.J.S., Contracts, Sec. 5.  Cases relied upon by defendant are concerned with allegations of an express contract and an implied contract, and are not applicable.

"The general rule, which is subject to some qualification under statutes, is that the statement of the same cause of action in different ways or forms, each in a separate count, so as to meet different possible phases of the evidence as it may be developed at the trial, or different possible legal views, is permissible."  71 C.J.S., Pleadings, p. 215.  See: 41 Am. Jur., Pleadings, p. 318.

"The plaintiff can unite two causes of action relating to the same transaction and have alternative relief."  *Herring v. Lumber Co.,* 159 N.C. 382, 74 S.E. 1011.

The law in this jurisdiction does not compel the plaintiffs here to elect at their peril, between their two causes of action stated in different ways.  They may assert both, leaving it to the jury or court to say which they are entitled to.

The ruling of the court below is
Affirmed.

WINBORNE, J., took no part in the consideration or decision of this case.