### F. M. BOLDRIDGE v. CROWDER CONSTRUCTION CO.

(Filed 29 April, 1959.)

**1. Negligence § 11—**

> An affirmative finding by the jury on the issue of contributory negligence precludes any recovery based on defendant's negligence.

**2. Evidence § 35—**

> Testimony of a witness that he would not have fallen over a ridge of dirt if additional dirt had not been put along the ridge is properly stricken as a conclusion.

**3. Negligence § 1:    Nuisance § 1—**

> In an action seeking to recover damages solely for personal injury resulting from plaintiff's fall on a ridge of dirt placed in the street incident to the performance by defendant of its contract with the municipality for the repair of the street, plaintiff may not allege, in addition to his cause of action based on negligence, a cause of action based on

nuisance, since the asserted nuisance has its origin in negligence, and plaintiff may not avert the consequences of contributory negligence by affixing to the negligence of the wrongdoer the label of nuisance.

**4. Nuisance § 1:    Municipal Corporations § 14a—**

A municipal corporation has the authority to repair its streets, notwithstanding that the work necessarily involves inconvenience and annoyance to the public.

**5. Appeal and Error § 45—**

The exclusion of evidence which is competent solely upon an issue answered by the jury in appellant's favor cannot be prejudicial.

**6. Municipal Corporations § 14a—**

In this action by a pedestrian to recover for injuries sustained when he fell in broad daylight on loose dirt placed in the street incident to street repairs, the evidence *is held* sufficient to warrant the jury's finding that plaintiff's own negligence contributed to his injury, and the court's charge on the issue of contributory negligence *is held* without prejudicial error.

APPEAL by plaintiff from *Nettles, J.,* September 29, 1958 Regular Schedule B. Term, MECKLENBURG Superior Court.

Civil action to recover damages for personal injuries plaintiff alleged he sustained as a result of a fall while crossing a street under repair. The plaintiff alleged three causes of action, all growing out of the alleged negligent, wrongful and intentional manner in which the defendant performed its contract with the City of Charlotte to widen Selwyn Avenue.

In his complaint, the plaintiff attempted to allege three causes of action. The first was based on the alleged negligence of the defendant in the manner in which it had placed a ridge of dirt two and one-half to three feet high between the traveled portion of Selwyn Avenue and the gutter and curb in such manner as to require the plaintiff to cross this dirt ridge on foot in order to leave and enter his home. Additional fresh dirt was added to the street side of the ridge a few minutes before he attempted to recross to his parked automobile. The defendant negligently failed to give notice of this change of condition which created a hidden danger not observable from the curb side. In attempting to cross the ridge at his accustomed place, the new dirt gave way under his feet, causing him to fall and to receive serious and permanent injuries.

The second cause of action was based on nuisance. The plaintiff alleged the street repair work was an unnecessary, intentional, and unwarranted interference with the plaintiff's use of the street; that the defendant thereby created both a public and a private nuisance by

obstructing the street. His injury was brought about by his fall in the manner and with the result substantially as set out in his first cause.

The third cause of action emphasises the defendant's failure to carry out its contract with the city to the effect the repair work should be done with the least possible obstruction to the normal use of the street. The defendant unnecessarily obstructed the plaintiff's use by the addition of fresh dirt and was negligent in that it failed to give notice of the changed condition which was not observable; and that the negligence proximately caused the plaintiff's injury.

In each of the causes of action the plaintiff detailed the same injury, the same pain and suffering, the same loss of time, and the same medical expenses, all as a proximate result of the one fall. No other element of damage or loss is alleged or supported by evidence.

The defendant answered the first cause of action. It demurred to the second and third causes. The answer denied negligence and pleaded contributory negligence. The demurrer to the second cause of action was based on the failure to state sufficient facts and on misjoinder of causes. The demurrer to the third cause was based on its duplication of and inclusion in the first cause.

After hearing, Judge Sharp overruled the demurrer to the second cause of action, sustained it as to the third. Whereupon, the defendant answered the second cause of action, claiming it performed the street work with due care, and that the construction of the ridge of dirt was a necessary part of the street work to protect the freshly poured concrete, gutter, and curb from water in case of rain, and to prevent travel over it; that the plaintiff was not properly attentive to what he was doing, was careless in failing to observe the obvious conditions of which he had due and timely notice; and that his failure to use due care for his own safety was the proximate cause of his injury.

Both parties introduced evidence. At the close of all the evidence the court overruled the motion for nonsuit as to the first cause of action, but sustained it as to the second. The jury, upon proper issues of negligence and contributory negligence arising on the pleadings to the first cause of action, answered both issues in the affirmative. From the judgment dismissing the action, the plaintiff appealed.

*Carswell & Justice, Robinson, Jones & Hewson for plaintiff, appellant.*

*Kennedy, Covington, Lobdell & Hickman, Mark R. Bernstein, Fairley & Hamrick for defendant, appellee.*

HIGGINS, J. The appeal presents two questions of law: (1) Did

the court commit error in dismissing the second cause of action at the close of all the evidence? (2) Did the court commit error in its rulings on admissibility of evidence and in the charge on the issue of contributory negligence?

The finding against the plaintiff on the latter issue precludes any recovery based on negligence. *Wilson v. Camp,* 249 N.C. 754; *Badders v. Lassiter,* 240 N.C. 413, 82 S.E. 2d 357.

The plaintiff's principal contention is that the case should have been submitted to the jury on his second cause of action: "That defendant's unnecessary and intentional obstruction in the public street . . . constituted both a public nuisance from which plaintiff suffered special damages and a private nuisance causing injury to the plaintiff . . . As a proximate result of the intentional conduct of the defendant . . . and of the maintenance of a nuisance by the defendant, the plaintiff was caused to fall or be thrown into the street and caused to sustain severe, painful and permanent injuries . . ."

As bearing on his right to proceed both on negligence (first cause) and nuisance (second cause) the plaintiff cites *Morgan v. Oil Co.,* 238 N.C. 185, 77 S.E. 2d 682; *Swinson v. Realty Co.,* 200 N.C. 276, 156 S.E. 545; *Beckwith v. Town of Stratford,* 29 A 2d 775, (Conn., 1942). Other cases on the subject are *Jenkins v. Duckworth,* 242 N.C. 758, 89 S.E. 2d 471; *Jenkins v. Trantham,* 244 N.C. 422, 94 S.E. 2d 311. Examination will disclose, however, that the cases cited are not applicable to a single physical injury of the type sustained by the plaintiff in the manner disclosed by the evidence.

The prayer for relief in each alleged cause of action is for $25,000.00 as compensation for all injuries, (temporary and permanent) physical pain and suffering, loss of time, and cost of medical treatment, all of which was proximately caused by the plaintiff's fall while trying to negotiate the ridge of dirt the defendant had wrongfully and negligently placed in his pathway. He testified: "I fell on the inside— the street side, . . . When I fell I got up and I was so surprised I had fallen and I looked and I saw this side here, . . . wasn't like what I had been going over previously—that there had been some other dirt put along in there and it just gave way. *If it had been like it was when I had been walking on it I wouldn't have fallen.*" The sentence underscored was stricken on defendant's motion, to which the plaintiff excepted. In passing, we may say the sentence was properly stricken as a conclusion. *Jones v. Bailey,* 246 N.C. 599, 99 S.E. 2d 768.

It is all too plain from the evidence, the allegations, the prayers for relief, that the plaintiff's cause of action is based on negligence, not on nuisance either public or private. *Swinson v. Realty Co., supra;*

*Butler v. Light Co.,* 218 N.C. 116, 10 S.E. 2d 603; *Godfrey v. Power Co.,* 190 N.C. 24, 128 S.E. 485. Quotations from the *Butler* case seem particularly pertinent here:

> "Indeed, taking the evidence according to its reasonable inferences, the nuisance, if it may be called such, was negligence-born, and must, in the legal sense, make obeisance to its parentage.
>
> "Doctrinal distinctions may not be pressed too far. To be helpful in administration and to lend themselves in aid of justice, they must be kept close to the realities. After all, it is the factual situation out of which the legal consequences flow, not the formal aspect, or the technical label which we conveniently apply.
>
> "Under the facts of this case, we see no transmutation of negligence into nuisance which would prevent the rights and liabilities of the parties from being properly probed by the issues submitted to the jury. As adequately expressing the opinion of this Court upon the matter, we quote from an opinion written by *Chief Judge Cardozo* of the New York Court of Appeals, subsequently renowned Associate Justice of the United States Supreme Court, in *McFarland v. City of Niagara Falls,* 57 A.L.R., 1, 247 N.Y. 340, 160 N.E. 391: 'Not a little confusion runs through the reports as to the effect of contributory negligence upon liability for nuisance. Statements appropriate enough in the application to nuisance of one class have been thoughtlessly transferred to nuisance of another. There has been forgetfulness at times that the forms of actions have been abolished and that liability is dependent upon the facts and not upon the name. Confining ourselves now to the necessities of the case before us, we hold that whenever a nuisance has its origin in negligence one may not avert the consequences of his own contributory negligence by affixing to the negligence of the wrongdoer the label of nuisance.' "

In our opinion, the evidence in this case was insufficient to establish plaintiff's right to recover on the basis of nuisance, either public or private. *Andrews v. Andrews,* 242 N.C. 382, 88 S.E. 2d 88; *Barrier v. Troutman,* 231 N.C. 47, 55 S.E. 2d 923; *King v. Ward,* 207 N.C. 782, 178 S.E. 577; *Holton v. Oil Co.,* 201 N.C. 744, 161 S.E. 391; 66 C.J.S., "Nuisance," §8, p. 739, et seq.; 39 Am. Jur., "Nuisance," p. 280, et seq. The plaintiff's own evidence shows that the new dirt which caused his fall had been in place less than 15 minutes. It was put there incident to street work then under way. That this street work caused the plaintiff and others some inconvenience may be assumed.

In the nature of things road work and street repairs involve some inconvenience and annoyance. This the individual must put up with in order to provide facilities for safe and convenient travel. *Sanders v. R.R.*, 216 N.C. 312, 4 S.E. 2d 902.

The first cause of action offered the plaintiff full opportunity to present the pertinent facts relating to his injury. After hearing, the jury found negligence in the plaintiff's favor, contributory negligence against him. Errors on the latter issue only would be prejudicial.

The trial court properly refused to permit the plaintiff to introduce in evidence the contract between the city and the defendant showing the manner in which the repair work should be carried on. Conceivably the contract might have some bearing on the defendant's negligence. But that was established. Its pertinency, however, on the plaintiff's contributory negligence is not apparent. See *Council v. Dickerson*, 233 N.C. 472, 64 S.E. 2d 551.

The objections to the parts of the charge relating to the issue of contributory negligence are without merit. The court properly charged as to the burden of proof, the constituent elements of contributory negligence, properly reviewed the evidence, and applied the law to the facts as testified by the witness. The evidence of the plaintiff's fall in broad daylight, under the circumstances described, was sufficient to warrant the finding that the plaintiff's own negligence contributed to his injury. *Presley v. Allen & Co.*, 234 N.C. 181 66 S.E. 2d 789; *Houston v. City of Monroe*, 213 N.C. 788, 197 S.E. 571. The defendant, not having appealed, does not raise the question whether it could reasonably foresee that serious injury would result from the placing of fresh dirt on the ridge. It should have expected that one who crossed the ridge on foot would get dirt on his shoes or in the cuff of his trousers; but it is questionable whether serious injury was reasonably foreseeable.

The plaintiff's assignments of error fail to disclose any reason why the result of the trial should be disturbed.

No Error.