WALDEN v. MORGAN

[179 N.C. App. 673 (2006)]

HAROLD WALDEN AND WIFE, BARBARA WALDEN, PLAINTIFFS v. JOHN P. MORGAN, TROY ALLEN TAYLOR, PACE OIL CO., INC., BIESECKER ROAD COMMERCIAL, LLC, AND MOHEY M. BASYOONI, DEFENDANTS

PAULINE GRAY, PLAINTIFF v. JOHN P. MORGAN, TROY ALLEN TAYLOR, PACE OIL CO., INC., BIESECKER ROAD COMMERCIAL, LLC, AND MOHEY M. BASYOONI, DEFENDANTS

No. COA05-1560

(Filed 17 October 2006)

**1. Appeal and Error— appealability—partial summary judgments—remaining defendants with same factual issues—substantial right**

Interlocutory appeals of summary judgments for some but not all of the defendants in·a negligence and nuisance case were heard where many of the factual issues would apply to the remaining defendants, with the possibility of separate trials resulting in inconcsistent verdicts.

**2. Appeal and Error— preservation of issues—consideration of evidence—no ruling on objection**

Plaintiffs did not obtain a ruling on their objection and so did not preserve their assignment of error to the consideration of certain affidavits on summary judgment.

**3. Negligence— per se violation of service station zoning ordinance—not applicable to plaintiffs**

There was no negligence per se in the operation of a service station in violation of a zoning ordinance where the ordinance referred to proximity to an existing school, playground, church, library, or community center, which did not.include plaintiffs.

**4. Negligence— exploding service station gasoline tank—no duty of care to surrounding homeowners**

There was no duty of care between plaintiffs who ·owned homes near a convenience store with a gasoline tank that exploded and burned and the defendant (Basyooni) who operated the convenience store. Baysooni's relationship with the people who were transferring the gasoline when the explosion occurred was that of bailor and bailee, not employer and independent contractor as plaintiffs contend.

**5. Landlord and Tenant— land leased for convenience store— gas tank explosion—no liability in lessor**

Summary judgment was correctly granted against nearby homeowners and for a landowner who leased land to a convenience store with a gasoline tank that exploded and burned. Plaintiffs did not present evidence that defendant was aware that the transfer of gasoline had been scheduled for that day, that there was the potential for a problem, or that an inherently dangerous activity was occurring.

**6. Landlord and Tenant— leased land—exploding gas tank— nuisance clause—overbroad**

A lease agreement which provided that premises would not be used to create a nuisance was too broad and indefinite to create liability for negligence for failure to exercise control over premises on which a convenience store's gasoline tank exploded.

**7. Landlord and Tenant— lease—nuisance prohibited—above-ground gasoline storage tank not covered**

The mere ownership and presence of an above-ground storage tank by the defendants here is not a nuisance. Plaintiffs' allegations, labeled nuisance, are actually negligence claims, and the trial court correctly granted summary judgment for defendants.

**8. Costs— deposition—within discretion of court**

The trial court erred by ruling that deposition costs are not authorized pursuant to N.C.G.S. § 6-20. The award of deposition costs in the judge's discretion has been repeatedly affirmed.

Appeals by plaintiffs from orders entered 3 August 2005 and 5 August 2005 by Judge Mark E. Klass and cross-appeal by defendant Biesecker Road Commerical, LLC from orders entered 31 August 2005 by Judge Michael E. Beale in Davidson County Superior Court. Heard in the Court of Appeals 12 September 2006.

*Biesecker, Tripp, Sink & Fritts, L.L.P., by Joe E. Biesecker and Christopher A. Raines, for plaintiffs-appellants/cross appellees.*

*No brief filed for defendants-appellees John P. Morgan, Troy Allen Taylor, Pace Oil Co., Inc.*

*Adam R. Smart and H. Brent Helms, for defendant-appellee/cross appellant Biesecker Road Commercial, LLC.*

*Teague, Rotenstreich & Stanaland, LLP, by Paul A. Daniels, for defendant-appellee Mohey M. Basyooni.*

TYSON, Judge.

Harold and Barbara Walden and Pauline Gray (collectively, "plaintiffs") appeal from orders entered granting Biesecker Road Commercial, LLC's ("BRC") and Mohey M. Basyooni's ("Basyooni") motions for summary judgment. BRC cross-appeals from orders entered denying, in part, its motion to tax deposition expenses to plaintiffs as costs. We affirm in part, reverse in part and remand.

## I.  Background

In 1998, BRC acquired property located at 305 Biesecker Road in Lexington, North Carolina. The property contained a commercial building and an above-ground tank used to store gasoline. On 15 April, 2002 BRC leased the property to Basyooni. Basyooni operated a convenience store which marketed gasoline pumped from the tank located on the property.

When Basyooni leased the property, he also purchased the prior leasee's inventory. Basyooni also continued the prior leasee's consignment relationship with Pace Oil Co., Inc. ("Pace Oil"). Basyooni orally agreed to market gasoline owned and provided by Pace Oil to his customers. Pace Oil agreed to pay Basyooni one-cent for each gallon of gasoline sold. Pace Oil was solely responsible for servicing the gasoline pumps, the delivery apparatus, and supplying the gasoline.

On 31 May 2002, Roger Page, president of Pace Oil, decided to exchange winter gasoline stored in the tank with summer gasoline. John Morgan ("Morgan") and Troy Taylor ("Taylor"), employees of Pace Oil Co., traveled to the property and began transferring gasoline from and to the storage tank. The gasoline transfer was conducted solely by Morgan and Taylor with a pump owned by Pace Oil. Two hours after the transfer began, the gasoline ignited and a fire occurred. The exact cause of the fire is unknown. Taylor stated he saw gasoline spraying from the area near the pump when the fire began. Morgan also gave a similar statement. Roger Page stated the fire may have ignited from gasoline spraying from a small hole in the hose transferring the gasoline. After Taylor and Morgan unsuccessfully attempted to extinguish the fire, a significant explosion occurred.

Plaintiffs each own homes located adjacent to BRC's property. The fire and explosion damaged plaintiffs' lands, homes, and personal property. Plaintiffs alleged gasoline, oil, and other hazardous chemicals entered and contaminated their lands and groundwater as a result of the fire and explosion. Plaintiffs also alleged the fire and explosion burned trees, vegetation, and discolored and stained exterior siding on their buildings.

Plaintiffs filed suit against Morgan, Allen, Pace Oil, BRC, and Basyooni on 18 March 2004. Morgan, Allen, and Pace Oil are not parties to this appeal. Plaintiff's claims against these defendants remain pending before the trial court.

Plaintiffs asserted claims of negligence and nuisance against BRC and Basyooni. On 15 July 2005 both BRC and Basyooni moved for summary judgment on both of plaintiffs' claims. In support of both motions for summary judgment, BRC and Basyooni submitted affidavits from Graham Bunce ("Bunce"), a member of BRC, and Tony Beasley ("Beasley"), Chief Zoning Code Enforcement Officer. On 22 July 2005, plaintiffs objected to and moved to strike Beasley's affidavit and certain portions of Bunce's affidavit.

On 3 August 2005, BRC and Basyooni's motions for summary judgment were granted. BRC then moved to tax costs against plaintiffs. The court taxed one-half of the mediation fee as costs incurred by BRC pursuant to N.C. Gen. Stat. § 6-20. The trial court denied BRC's motion to tax BRC's deposition expenses to plaintiffs as costs.

Plaintiffs appeal from the trial court's consideration of Bunce's and Beasley's affidavits and the trial courts granting of BRC's and Basyooni's motions for summary judgment. BRC conditionally cross-appeals the trial court's denial, in part, of its motion to tax deposition expenses to plaintiffs as costs.

## II. Interlocutory Appeal

[1] We must initially decide whether this case is properly before us. The trial court granted summary judgment for less than all the defendants. Plaintiffs assert grounds for appellate review pursuant to N.C. Gen. Stat. § 1-277(a) and N.C. Gen. Stat. § 7A-27(d)(1).

In *In re Estate of Redding v. Welborn*, this Court stated:

An appeal from a trial court's order of summary judgment for less than all the defendants in a case is ordinarily interlocutory, and therefore untimely. However, an order is immediately appeal-

able when it affects a substantial right. A substantial right is affected when (1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists.

170 N.C. App. 324, 328-29, 612 S.E.2d 664, 667-68 (2005) (internal citations and quotations omitted). "Whether or not a substantial right will be prejudiced by delaying an interlocutory appeal must be decided on a case-by-case basis." *Hoots v. Pryor*, 106 N.C. App. 397, 401, 417 S.E.2d 269, 272, *disc. rev. denied*, 332 N.C. 345, 421 S.E.2d 148 (1992).

The trial court granted BRC's and Basyooni's motions for summary judgment and disposed of all of plaintiffs claims against both BRC and Basyooni. Plaintiffs alleged BRC and Basyooni are joint tortfeasors with Pace Oil and its agents Morgan and Allen. Many of the same factual issues would apply to plaintiffs' claims against BRC and Basyooni and the remaining defendants. Separate trials could result in inconsistent verdicts. Plaintiffs asserted a substantial right to immediate review. Their appeals are properly before this Court. *In re Estate of Redding*, 170 N.C. App. at 328-29, 612 S.E.2d at 668.

### III. Issues

Plaintiffs assign error to the trial court's: (1) consideration of certain portions of Bunce's and Beasley's affidavits; 2) granting BRC's motion for summary judgment regarding plaintiffs' negligence and nuisance claims; and 3) granting Basyooni's motion for summary judgment regarding plaintiffs' negligence and nuisance claims.

BRC conditionally cross-appeals and assigns error to the trial court's partial denial of BRC's motion to tax its deposition expenses to plaintiffs as costs.

### IV. Analysis

### A. Plaintiffs' Assignments of Error

### 1. Affidavits

[2] Plaintiffs argue the trial court's consideration of Beasley's affidavit and parts of Bunce's affidavit in granting summary judgment for BRC and Basyooni is error. BRC and Basyooni submitted these affidavits in support of their motions for summary judgment.

Plaintiffs objected and moved to strike the affidavits contending they failed to comply with Rule 56 and that the statements contained in the affidavits were legal conclusions and not statements based on

personal knowledge. N.C. Gen. Stat. § 1A-1, Rule 56 (2005). The record does not disclose whether the trial court ruled on plaintiffs' objections and motions to strike the affidavits.

In order to preserve a question for appellate review, "the complaining party [must] obtain a ruling upon the party's request, objection or motion." N.C.R. App. P. 10(b)(1) (2006). Plaintiffs never obtained a ruling on their objection and motion to strike the affidavits. In the absence of any ruling by the trial court in the record on appeal, this issue is not properly before us and must be dismissed. " 'The North Carolina Rules of Appellate Procedure are mandatory and failure to follow these rules will subject an appeal to dismissal.' " *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360 (2005) (quoting *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999)). Plaintiffs' assignment of error was not preserved and is dismissed. *See Finley Forest Condo. Ass'n v. Perry*, 163 N.C. App. 735, 738, 594 S.E.2d 227, 229-30 (2004) ("This Court is unable to review the issue . . . since there is nothing before this Court indicating the trial court's ruling on the question.").

### 2. Standard of Review

Plaintiffs' remaining assignments of error challenge the trial court's grant of BRC's and Basyooni's motions for summary judgment.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. The party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact.

A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense. Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist.

Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie*

**WALDEN v. MORGAN**

[179 N.C. App. 673 (2006)]

case at trial. To hold otherwise . . . would be to allow plaintiffs to rest on their pleadings, effectively neutralizing the useful and efficient procedural tool of summary judgment.

*Draughon v. Harnett Cty Bd. of Educ.*, 158 N.C. App. 208, 212, 580 S.E.2d 732, 735 (internal citations and quotations omitted), *aff'd,* 358 N.C. 137, 591 S.E.2d 520 (2004). " 'Summary judgment may be granted in a negligence action where there are no genuine issues of material fact and the plaintiff fails to show one of the elements of negligence.' " *Willis v. City of New Bern*, 137 N.C. App. 762, 764, 529 S.E.2d 691, 692 (2000) (quoting *Lavelle v. Schultz*, 120 N.C. App. 857, 859, 463 S.E.2d 567, 569 (1995), *disc. rev. denied*, 342 N.C. 656, 467 S.E.2d 715 (1996)).

No evidence in the record shows any response by plaintiffs to BRC's and Basyooni's motions for summary judgment other than their objection and motion to strike consideration of certain affidavits discussed above. "[R]eview is solely upon the record on appeal and the verbatim transcript of proceedings, if one is designated, constituted in accordance with this Rule." N.C.R. App. P. 9 (2006).

"A trial judge in ruling on a summary judgment motion is confined to the sworn or verified testimony in the record as may be evidenced through pleadings, affidavits, or depositions." *Draughon*, 158 N.C. App. at 213, 580 S.E.2d at 736.

When a motion for summary judgment is made and supported [with affidavits], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

N.C. Gen. Stat. § 1A-1, Rule 56(e) (2005). No transcript of the hearing is designated or included in the record on appeal. Plaintiffs' complaints are not verified. Plaintiffs rest solely on depositions in challenging the trial court's orders.

Plaintiffs contend BRC and Basyooni were negligent by violating "the zoning ordinance" and BRC and Basyooni "are subject to negligence liability for failure to take necessary safety precautions." Plaintiffs' arguments are without merit.

### 3. Violation of Ordinance as Negligence

[3] Plaintiffs argue both BRC's and Basyooni's conduct constituted negligence *per se*. Plaintiffs assert they are able to show that BRC and

Basyooni were negligent by maintaining an above-ground storage tank and thereby facilitating the operation of an automotive service station in violation of the zoning ordinance. Plaintiffs included only the following language of a zoning provision in the record before us:

> 1. Automobile Service Stations shall be a permitted use in the B-2 Districts provided the following conditions are met:

> (g) The Service Station shall have a minimum lot area of ten thousand (10,000) square feet, with frontage of not less than one hundred and fifty feet. No service station shall be located within two hundred (200) feet of any pre-existing school, playground, church, library or community center as measured from any point on the property.

Plaintiffs argue BRC's property is located within 200 feet of a church and BRC and Basyooni *prima facially* violated the ordinance and committed negligence *per se*.

"[W]hen a statute imposes a duty on a person for the protection of others, it is a public safety statute and a violation of such a statute is negligence per se." *Gregory v. Kilbride*, 150 N.C. App. 601, 610, 565 S.E.2d 685, 692 (2002) (citations omitted), *disc. rev. denied*, 357 N.C. 164, 580 S.E.2d 365 (2003). "However, not every statute purporting to have generalized safety implications may be interpreted to automatically result in tort liability for its violation." *Williams v. City of Durham*, 123 N.C. App. 595, 598, 473 S.E.2d 665, 667 (1996) (quotation omitted). The party relying on an ordinance violation must show they are included in the class of entities or individuals the ordinance was adopted to protect. *Hall v. Toreros, II, Inc.*, 176 N.C. App. 309, 318-19, 626 S.E.2d 861, 867-68 (2006). Plaintiffs are the landowners and the occupants of private residences. The plain and express language of the zoning ordinance shows plaintiffs are not a "pre-existing school, playground, church, library, or community center" and are not included in the class of persons or entities for whom the ordinance was enacted to protect. This assignment of error is overruled.

### 4. Negligence Claim Against Basyooni

[4] Plaintiffs argue Basyooni was negligent by failing to take necessary safety precautions. The dispositive issue is whether Basyooni owed plaintiffs a duty of care under these facts. "[I]f it is shown the defendant had no duty of care to the plaintiff, summary judgment is appropriate." *Croker v. Yadkin, Inc.*, 130 N.C. App. 64, 67, 502 S.E.2d 404, 406, *disc. rev. denied*, 349 N.C. 355, 525 S.E.2d 449 (1998).

Plaintiffs argue Basyooni owed plaintiffs a non-delegable duty to protect their property from harm because Taylor and Morgan, while not employees of Basyooni, were independent contractors.

A person "who employs an independent contractor to perform an inherently dangerous activity may not delegate to the independent contractor the duty to provide for the safety of others." *Woodson v. Rowland*, 329 N.C. 330, 352, 407 S.E.2d 222, 235 (1991). Basyooni sold gasoline belonging to Pace Oil on a consignment basis. The relationship between Pace Oil, and its employees, Morgan and Taylor, and Basyooni was bailor and bailee, not employer and independent contractor as plaintiffs contend. *See Wilson v. Burch Farms, Inc.*, 176 N.C. App. 629, 641-42, 627 S.E.2d 249, 259 (2006) ("[T]his Court has recognized that a consignment creates a bailment between the parties."). Plaintiffs have failed to present any evidence that Basyooni owed them a duty of care on their negligence claims. The trial court properly granted Basyooni's motion for summary judgment. This assignment of error is overruled.

## 5. Negligence Claim Against BRC

### i. Inherently Dangerous

[5] Plaintiffs next contend BRC was negligent by failing to take necessary safety precautions. The dispositive issue is whether BRC owed plaintiffs a duty of care under these facts. Plaintiffs argue BRC permitted an inherently dangerous activity to occur on its property and "owed plaintiffs a non-delegable duty to take safety precautions to prevent the explosion, fire and release of fuel."

This Court addressed a similar argument in *Blevins v. Taylor*, 103 N.C. App. 346, 407 S.E.2d 244, *cert. denied*, 330 N.C. 193, 412 S.E.2d 678 (1991).

[W]here the danger on land is not hidden but arises out of the negligent or intentional act of a third person, the owner or occupier will not be held liable for negligence if he did not know of the danger and it had not existed long enough for him to have discovered it, corrected it or warned against it.

*Blevins*, 103 N.C. App. at 349, 407 S.E.2d at 246 (citations omitted). In *Blevins*, the plaintiff, citing *Dockery v. World of Mirth Shows, Inc.*, 264 N.C. 406, 411, 142 S.E.2d 29, 33 (1965), sought to avoid application of this rule and argued a landowner owes a non-delegable duty. *Id.* In rejecting the non-delegable duty argument, we stated that, "[a]

landowner does not have a duty to inspect or protect against harm where the injury is caused by a danger collaterally created by the negligence of another." *Blevins*, 103 N.C. App. at 350, 407 S.E.2d at 246 (quotation and citations omitted). We affirmed summary judgment in favor of the landowner in *Blevins* because the landowner was not engaged in an inherently dangerous activity on the day of the plaintiff's injury. 103 N.C. App. at 351, 407 S.E.2d at 247.

Here, plaintiffs have presented no evidence BRC was on notice that Pace Oil had scheduled the transfer of gasoline on the day the fire and explosion occurred, was aware of the potential of any problem, or that an inherently dangerous activity was occurring on the property. Millions of people store and pump gasoline daily without incident. Nothing in this activity is "inherently dangerous." This assignment of error is overruled.

### ii. Control

[6] Plaintiffs next argue BRC owed them a duty of care because it retained control over the property through the lease agreement with Basyooni. Paragraph 3 of the lease states Basyooni will, "b. Not use the premises for any unlawful or immoral purposes or occupy them in such a way as to constitute a nuisance . . . ." Plaintiffs contend this lease provision requires BRC to prevent or stop any nuisance and "to take precautions to protect plaintiffs from harm." Plaintiffs cite *Holcomb v. Colonial Assocs., L.L.C.*, 358 N.C. 501, 508, 597 S.E.2d 710, 715 (2004) and argue a landlord is potentially liable for injuries to third persons if he has "control of the leased premises." The facts in *Holcomb* are easily distinguished from those before us.

In *Holcomb*, the lease specifically provided that the landlord could require the tenant to remove any animal the landlord in his sole discretion, deemed a nuisance, disturbance, or in the landlord's opinion was undesirable, within forty-eight hours of written notification. 358 N.C. at 508, 597 S.E.2d at 715. Based on this language, our Supreme Court concluded the "landlord and tenant contractually agreed that landlord would retain control over tenant's dogs." *Id.* In *Holcomb*, the Court held the lease granted the landlord sufficient control in its "sole discretion" to remove the danger posed and could create liability on the landlord for negligence when the tenant's dog attacked a third party. 358 N.C. at 508-09, 597 S.E.2d at 715.

Here, BRC's lease provision does not provide it control over the premises. In *Holcomb*, the landlord could remove any pet within forty-eight hours. 358 N.C. at 508-09, 597 S.E.2d at 715. Under section

7 of its lease with Basyooni, BRC could only re-enter the property upon sixty days prior notice of default for a non-monetary lease provision. In *Holcomb*, the lease provision addressed the issue of liability and a third party was injured. 358 N.C. at 508-09, 597 S.E.2d at 715. The lease provision before us is too broad and indefinite to create liability for negligence for BRC's·failure to exercise control over the premises. This lease governs the business relationship between BRC and Basyooni, not BRC and Pace Oil. Under the lease, Basyooni possessed the right to "[u]se the premises for purposes in keeping with the proper zoning." Beasley's affidavit showed the convenience store was operating in compliance with applicable zoning regulations. This assignment of error is overruled.

### 6.  Plaintiffs' Claims for Nuisance

[7] Plaintiffs contend the trial court erred in granting BRC's and Basyooni's motions for summary judgment regarding plaintiffs nuisance claims. Plaintiffs argue BRC and Basyooni "maintained a nuisance by storing and permitting the storage and removal of gasoline adjacent to [their] residences." Plaintiffs' allege BRC and Basyooni permitted and committed a nuisance by failing to remove the above-ground storage tank on the property that adjoined the residential properties and this refusal created an "unreasonable risk of explosion." Plaintiffs further allege the damages they incurred were a "direct and proximate cause" of BRC and Basyooni's failure to remove the above-ground storage tank.

Plaintiffs allegations, labeled as "nuisance," are actually negligence claims. *Butler v. Carolina Power & Light Co.*, 218 N.C. 116, 10 S.E.2d 603, 603 (1940); *Boldridge v. Crowder Construction Co.*, 250 N.C. 199, 108 S.E.2d 215 (1959). Our Supreme Court stated in *Butler*, "taking the evidence according to its reasonable inferences, the nuisance, if it may be called such, was negligence-born, and must, in the legal sense, make obeisance to its parentage." 218 N.C. at 121, 10 S.E.2d at 606. In *Boldridge*, as here, the damage the plaintiffs complained of arose out of single physical injury, instead of an on-going injury. 250 N.C. at 201, 108 S.E.2d at 216.

The mere ownership and presence of an above-ground storage tank by BRC and Basyooni is not a nuisance. Plaintiffs' allegations sound in tort. We have held the trial court properly granted summary judgment on plaintiffs' negligence claims. The trial courts' grant of BRC's and Basyooni's motions for summary judgment on plaintiffs' nuisance claims are affirmed.

## B.  BRC's Assignment of Error

[8] BRC argues the trial court erred by denying, in part, its motions to tax deposition expenses as costs against plaintiffs pursuant to N.C. Gen. Stat. § 6-20. We agree.

The trial court found in its order that deposition costs are not authorized pursuant to N.C. Gen. Stat. § 6-20 as a matter of law. We review this issue *de novo.* "[W]here an appeal presents questions of statutory interpretation, full review is appropriate, and 'the conclusions of law are reviewable de novo.' " *Mark IV Beverage, Inc. v. Molson Breweries USA,* 129 N.C. App. 476, 480, 500 S.E.2d 439, 442 (quoting *N.C. Reinsurance Facility v. N.C. Insurance Guaranty Assn.,* 67 N.C. App. 359, 362, 313 S.E.2d 253, 256 (1984)), *disc. rev. denied,* 349 N.C. 231, 515 S.E.2d 705 (1998).

N.C. Gen. Stat. § 6-20 provides that, "costs may be allowed or not, in the discretion of the court, unless otherwise provided by law." This Court has repeatedly affirmed the award of deposition costs as appropriate in the judges discretion under N.C. Gen. Stat. § 6-20. *See Lord v. Customized Consulting Specialty, Inc.,* 164 N.C. App. 730, 736, 596 S.E.2d 891, 895 (2004) (Deposition costs may be awarded in the discretion of the trial court.); *Department of Transp. v. Charlotte Area Mfd. Housing, Inc.,* 160 N.C. App. 461, 468, 586 S.E.2d 780, 784 (2003) (The trial court may award deposition costs in its discretion under N.C. Gen. Stat. § 6-20 after the enactment of N.C. Gen. Stat. § 7A-320.); *Alsup v. Pitman,* 98 N.C. App. 389, 391, 390 S.E.2d 750, 751 (1990) ("[T]he authority of trial courts to tax deposition expenses as costs, pursuant to § 6-20, remains undisturbed.); *Dixon, Odom & Co. v. Sledge,* 59 N.C. App. 280, 286, 296 S.E.2d 512, 516 (1982) ("[R]ecoverable costs may include deposition expenses unless it appears that the depositions were unnecessary. Even though deposition expenses do not appear expressly in the statutes they may be considered as part of 'costs' and taxed in the trial court's discretion.").

Here, the trial court ruled, as a matter of law, deposition costs are not authorized pursuant to N.C. Gen. Stat. § 6-20. The trial court's orders are reversed in part and this issue is remanded to permit the trial court to exercise its discretion under the statute.

## V.  Conclusion

The trial court's orders granting summary judgment for BRC and Basyooni are affirmed. The trial court's orders denying BRC's motion

to tax deposition expenses as costs are reversed in part and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Affirmed in Part; Reversed in Part and Remanded.

Judges WYNN and HUDSON concur.